Ruffin, Chief-Justice
 

 The argument in favor of the motion to dismiss the
 
 certiorari
 
 as having been improv-ideritly issued, is founded upon the use of that writ iii the English law. It is there used to bring an indictment from an inferior court into the King’s Bench for trial; or to have a judgment of an inferior magistrate, not proceeding according to the course of the common law', reviewed. In neither instance does a second trial of the. facts take place. In the latter, the judgment, if irregu
 
 *101
 
 lar or unsupported by the facts found by the magistrate and stated in the conviction to be found, is quashed and the parties have to begin again.
 

 The
 
 certiorari
 
 in this State, lies cither to correct errors in law as a writ of false judgment, or as a substitute for an appeal.
 

 It issues, where the party has been improperly deprived of his ap-appeal, as of course; when he has lost the appeal by accident, upon affida-. vits, showing
 
 pri-ma facie,
 
 a case of merits; in the latter case, if on the return of the writ, the merits sworn to, be not answered by affidavits on the other side, the first judgment is set aside and a new trial had m the Superior Court.
 

 In these cases the
 
 certiorari
 
 has the effect of the appeal for which it is sub, stituted, in annulling the judgment and giving a trial
 
 tie novo,
 
 and it may be awarded, upon a proper case, so long as the parties alono are interested, but not after third persons acquire an interest;
 
 ex. gr.
 
 after a sale under the judgment; there the
 
 *102
 
 only remedy is by writ of error, or of false- judgment,~
 

 
 *101
 
 In this state the writ may also be, and has been used as a writ of false judgment, merely to have the matter of law reviewed. But it has also in'our laws, another important property — that of affording the means of retrying the facts, which is unknown in England.
 

 Here an appeal is matter of right, and on it there is a
 
 trial dc novo.
 
 The
 
 certiorari
 
 is in proper
 
 cases,
 
 substituted for it, and if the party has been improperly deprived of his appeal, upon affidavit of the facts, it is granted if not of right as of course. So also if he has lost his appeal by accident, and makes
 
 prima fade,
 
 a case on the merits. If the merits in such a case be not answered by the affidavits on the other side, the jurisdiction is exercised of setting aside the first judgment, and ordering a new trial in the Superior Court on the former issues, if the first trial was on issues, or if the first judgment was by default and without
 
 Inches,
 
 the party is permitted to plead in such manner as the court may allow, so as to obtain a trial on the merits. Such has been the long established course in our courts ; and it seems to be a necessary consequence of the provision, that one trial shall not conclude the parties, but that each by appeal may have a new trial. The right of appeal is favored and is not to be defeated by accident.
 

 This application of the writ is necessarily limited to the period during which the judgment remains unsatisfied. After execution and the levy of money by a .sale, the interests of third persons forbid further interference, merely for the sake of another trial. The remedy then must be by writ of error, or of false judgment for error in law alone. But before satisfaction none but "the parties can be affected, and there is no inconvenience to prevent a new trial by
 
 certiorari,
 
 upon a proper case, that is, one in which the applicant has merits, and accounts first for not pleading or not appealing, and secondly for the delay in applying for tbe writ, if delay there has been.
 

 
 *102
 
 Here the merits are palpable. The demand of the original plaintiff has upon his own affidavits, no foundation in conscience or law. The judgment is against a resident in Indiana, upon attachment before a justice of the peace out of court, advertised for thirty days in Randolph county, which conveyed no actual notice to the party, and of which he had in fact, no knowledge until after-the order for the sale of the land levied on. had been made in the County Court, and the land advertised for sale under execution. His application immediately followed the notice to him.
 

 It is also objected'- that this
 
 certiorari
 
 will not lie as being directed to the County Court, whereas it ought to have gone to the single magistrate by whomthe judgment complained of was given. Without accurately en-quiring into tiie nature of the judgment given by the County Court upon a levy on land by a constable, it is sufficient for the purposes of this case to say, that the writ must go to the County Court, because no body else can givean answer toit. By the act of 17'94,(i?er.c. 414, §19,) the constable is required to return the execution to the justice of the peace who issued it, Avho is to return it, the warrant and judgment, and all papers on which the judgment was rendered, to the next County Court, where an order of sale is to be made, and the whole
 
 recorded.
 
 The magistrate cannot afterwards withdraw the papers, or make np a record for the Superior Court. The whole is already a record of the County Court, and there the order is made which alone authorises effectual execution, and consequently tb that court ought to be addressed the writ, which is to operate as a
 
 supersedeas
 
 to the execution, and to the judgment either of that court, or of the justice of the peace there recorded.
 

 The opinion of the court therefore is, that there
 
 is>
 
 no error in the decision of the Superior Court.
 

 Per Curiam. — Let this opinion be certified to the court below.