Nash, J.
 

 The plaintiffs are the owners of the tract of land described in their petition; and in order to render it of service, it is necessary it should be drained, which can be done only, as they allege, by carrying the ditches through the land of the defendant, which lies below and adjoining theirs. To this the defendant is opposed — and the plaintiffs file their petition, to procure authority so to do. By the 40th chapter of the Revised Statutes, the mode is pointed out, which in such a case is to be'pursued. The Court of the County, where the land lies, is directed, upon the filing of the petition, to appoint twelve freeholders, who shall go upon the premises, and, upon their oaths, determine, in the first place, whether it is necessary to drain the land, and, if they so find, then “they shall direct the ditch to be cut “ in such manner and extent, as will in their opinion most effectually secure the land through which it passes, as well as where it terminates from innundation,” and shall value and assess what damages the proprietors of the land, through which it passes, will sustain. By the 2d section it is provided, that the jury ‘ ‘shall make a fair return of their whole proceedings to the next succeeding County Court, which
 
 shall
 
 be recorded in the said Courts respectively.” The jury, thus constituted, is the special tribunal, to whom,, by the Act, the power exclusively belongs to say, whether the land does need to be drained, and, if so, how the ditches shall be dug, and the amount of the damages to be paid to the owners of the land, through
 
 *422
 
 which they may pass. Oyer these questions the County Court has no control, except that of saying whether the report when made shall be recorded. For, though the words o£ t^e act^ part 0f jt are peremptory, “that the report
 
 shall
 
 be recorded,” it is manifest from the provisoes contained in the latter part of the same section, that the Legislature did not intend to take from the County Court the power to pass upon it. The writ directed to the Sheriff to summon the jury is in the nature of a writ
 
 ad quod damnum,
 
 and the inquisition,
 
 being
 
 in its nature
 
 ex liarte,
 
 is on its return traversable. 2 Burns’ Justice, 669. If, then, it shall appear to the Court, that the verdict of the jury is irregular or unjust, they may quash it and select another jury to go upon the premises. In this case the Court refused to suffer the verdict of the jury to stand, and did set it aside, and from that decision the plaintiffs appealed to the Superior Court. We are of opinion that it was not a case, in which an appeal could be granted. .The case of
 
 The Raleigh and Gaston Rail Road Company
 
 v
 
 Jones,
 
 1 Ired. 24, is in principle the same with this. By the act incorporating the company it is directed, that the County Court shall direct five freeholders to go upon the premises, and assess the damages sustained by the proprietors or owners of land, which should be condemned for the use of the road. The freeholders appointed by the Court had performed this duty and made a return of their verdict to the County Court. Exceptions to the verdict were filed by the plaintiffs and overruled, and the verdict ordered to be recorded. From this action of the County Court an appeal was taken to the Superior Court, and, the appeal being by that Court dismissed, the case was brought yfrere/ ' The judgment of the Superior Court was affirmed, and this Court said — “ The enactments in our statutes, regulating, appeals and proceedings in the nature of appeals, which allows to any person, plaintiff or defendant, or any one interested in a suit, to appeal from any judgment, sentence or decree of the County Court, has, it seems to us, no application
 
 *423
 
 to the finding of a special tribunal, merely recorded in the Comity Court.” The report of the commissioners must, it is true, be approved by the Court, and cannot, but by their order, be placed upon their records : but, when so recorded,it is but the award of the jury or their verdict, and not the judgment, sentence or decree of the Court. The only difference between the case in 1st Ired. and this is, that in the latter the Court refused to order the verdict of the jury to be recorded and set it aside; in the former,- the verdict was affirmed and ordered to be recorded. If there can be no appeal in the latter, there can be none in the former. It has been settled by repeated adjudications, that an appeal from the County to the Superior Court takes up the whole record, and the trial in the latter is a trial
 
 de novo.
 
 In this case no such trial could take place; for the power to select the jury is specially delegated to the County Court, and in the case in Ire-dell the Court say “ the mode of proceeding was intended to be cheap, summary and expeditious, all which purposes would be frustrated by allowing to either party the unlimited right of appeal.” Indeed the cases, in principle, are so much the same,- that it is difficult, in assigning the reasons of our opinion in this case, not to run into the reasoning in that. We therefore refer to' it, as governing this case, merely repeating the conclusion of the opinion then pronounced. In denying the parties the right of appeal in cases of this kind, we do not deny them the privilege of having their cases heard before a superior tribunal. Any error, which maybe committed by the County Court in its action, maybe revised and corrected in the Superior Court, through the instrumentality of a writ of error, or writ of
 
 certiorari
 
 in the ] a writ of error.
 

 We do' not think his HoNOr committed any erí ing the motions submitted to him. The verdict. returned to him,- was a proceeding under an error made at the preceding term, and-was on its faceirriij unjust in assessing no damages; and he certainly no- power to alter the verdict of the jury returned to*
 
 *424
 
 the County Court, nor could he unite the two, as the latter was before a tribunal, possessing no jurisdiction of the case, and under an order conferring on the jury no power act< The only error committed by the judge was in not dismissing the appeal, as improvidently granted, which he doubtless would have done, if the motion had been submitted to him.
 

 We are of opinion there is no error in the opinion appealed from, and our Opinion must be certified to the Superior Court of Chowan, that they dismiss the appeal to that Court and issue- a
 
 procedendo
 
 to the County Court.
 

 Per Curiam, Ordered accordingly.