Battle, J.
 

 The writ of
 
 certiorari
 
 is ordinarily and commonly used in this State as a substitute for an appeal, when the latter has been lost without any default of the party entitled to it. Its effect in such a case is to give to the party a right to a trial
 
 de novo
 
 / or a re-hearing in the appellate court.
 

 But though this is the ordinary and most common, it is not the only use of the writ. It may be, and often is, employed as a writ of false judgment, to correct errors in law, and then it is the means whereby the superior court, which is the highest court of original jurisdiction in this State, can, and in a proper case, always will, control inferior tribunals, in matters for which no writ of error lies, by bringing up their j udicial proceedings to be reviewed in the matter of law. In such case, the certiorari is in effect a writ of error, as all that can be discussed and determined in the superior court, are the power and sufficiency of the proceedings as they appear upon the face of them.
 
 Matthews
 
 v. Matthews, 4 Ire. Rep. 155;
 
 Brooks
 
 v.
 
 Morgan,
 
 5 Ire. 481;
 
 State
 
 v.
 
 Bill,
 
 13 Ire. 373.
 

 It appears then, that the proceedings of inferior tribunals which are subject to revision in a higher court, must be of a
 
 judicial
 
 nature ; and it would seem must be such as are not merely discretionary. “For,” say the court, in the case of
 
 the Attorney General
 
 v.
 
 the justices of Guilford,
 
 5 Ire. 329, " it is the nature of a discretion in certain persons, that they are to judge for themselves, and therefore, no power can require them to decide in a particular way or review their decision by way of appeal, or by any proceeding in the nature of an appeal, since the judgment of the justices would not then be their own, but that of the court under whose mandate they give it.”
 

 This rule was applied in the case of
 
 Pratt
 
 v.
 
 Kittrell,
 
 4 Dev. Rep. 168, where it was decided by the court that the
 
 *292
 
 grant of a special administration
 
 pendente lite
 
 was discretionary in the county court, and that therefore its order, making such a grant, could not be revised in the superior court, either by appeal or upon a writ
 
 certiorari.
 
 These principles are decisive of the case which we have now under consideration.
 

 The order of the county court in granting the defendant a license to retail spirituous liquors, was either an act merely ministerial, or, if judicial, discretionary in its character. If the former, as from the case of
 
 Regina
 
 v.
 
 the overseers of Sal
 
 ford, 14 Eng. Law and Eq. Rep. 145, it would appear to be, then the writ of certiorari would not lie, because the order was not of “
 
 a judicial
 
 nature.” If the latter, then the writ would not lie, because it would be contrary to a discretionary power to have it reviewed by way of appeal, “
 
 or l>y any proceeding in the natu/re of an
 
 appeal.”
 

 But it is said that the fifth section of the act of 1850, entitled, “ An act, to amend an act, passed in the year 1803, entitled an act for the government of the city of Raleigh,” takes from the justices of the county court of "Wake, the discretionary power to grant a license to any person to retail spirituous liquors within the limits of the city, without the permission of the board of commissioners, and that therefore such grant is against law, and may be reviewed upon a writ ©f certiorari, used as a writ of error. A slight consideration will show the fallacy of this argument. The justices are .not bound to grant license to every person who can obtain the permission of the board of commissioners of the city of Raleigh. They still have the right, and it is their duty to exercise a sound discretion in deciding upon the necessity of such grant, and the fitness of the pei’son who makes application for it. Should the board, for the purpose of raising revenue for the city, give their permission to fifty or one hundred applicants, would the justices be bound to license them all? Would they not be guilty of a gross dereliction of public duty if they did
 
 %
 
 Surely then, their discretionary power is not taken away
 
 ‘r
 
 and besides, when they make a grant, their records need not show any thing snore than that the applicant had produced before them the
 
 *293
 
 permission in writing of the board, and had in a proper manner proved his good moral character; so that in a case like the one now before ns, the writ would be totally ineffectual, because the alleged error in law would not appear upon the record. This proves conclusively that it is not the proper remedy. What that remedy is, the act itself points out by declaring that the license shall be void, and the person acting under it shall be liable to a penalty as well as to an indictment.
 

 In the case of
 
 Regina
 
 v.
 
 the overseers of Salford
 
 above referred to, which was a rule, calling upon the Board of Inland Revenue, to show cause why a license for the sale of beer, granted by a supervisor of excise to one Hague, in the borough of Salford, which had been brought up to the court of Queen’s bench by certiorari, should not be quashed, on the ground that it had been granted without the production of the certificate of the overseer, as required by the statute of 3 and 4 Yict. ch. 61, sec. 2. The court held that the writ would not lie, intimating that the question might be raised by proceeding under the 13th section for the penalty therein prescribed.
 

 Our conclusion then, is, that the plaintiffs have mistaken their remedy, and that there was no error in the order of the superior court by which their petition was dismissed. We have not thought it necessary to consider particularly whether the plaintiffs, who certainly were not parties to the record in the county court, had such an interest in the order, granting a license to the defendant, as authorised them to have such order reviewed in the superior court upon an appeal, or upon any proceeding in the nature of an appeal. We mention the objection only to prevent the conclusion being drawn from our silence that we deemed it untenable.
 

 Pee Oueiam. The order of the superior court is affirmed.