# THE STATE ex rel. TEDFORD v. KNOTT et al., Railroad and Warehouse Commissioners.

## In Banc, November 27, 1907.

1. **PUBLIC OFFICER: Chief Grain Inspector.** The Chief Grain Inspector of Missouri, appointed by the Board of Railroad and Warehouse Commissioners for a term of four years, is an officer, and not an employee. He has a fixed term of four years, is denominated an officer by the law which creates his position, is required to take an oath and give bond for the faithful discharge of his duties, the law devolves on him public duties of prime importance to the public, and those duties are fixed and continuing. Thus by all the tests which distinguish an officer from a mere employee he is an officer.

2. ————: **Removal: No Notice.** An officer cannot, without reasonable notice, be removed by the board appointing him, although the law, giving authority to the board to remove him upon written charges of misconduct, does not in terms require notice.

3. ————: ————: ————: **Immediate Removal.** While the board was in session and relator was present written charges against him were presented to the board, and read, and denounced by him as untrue, and he asked for time in which to prepare his answer. He was given no time, but was told he could examine the witnesses who were present. No copy of the charges had been previously furnished him, he had summoned no witnesses and was given no opportunity to summon any or to employ counsel, but, after the witnesses called in support of the charges were examined, he was removed. *Held*, that he was not given any reasonable notice, or notice at all, such as the law contemplates, and the proceedings had no semblance of a lawful investigation, and his removal was void.

4. ————: **Illegal Removal: Remedy: Certiorari.** The removal of an officer by a board vested with power to remove him upon written charges preferred, is an act judicial in its nature, and if illegal because made without notice to him, his remedy, where no appeal or writ of error is provided, is by *certiorari*.

## Certiorari.

RECORD AND PROCEEDINGS OF BOARD QUASHED.

*Brown, Harding & Brown* for relator.

(1)    The Chief Inspector of Grain for the State of Missouri is a state officer, appointed for a fixed term of four years by the Board of Railroad and Warehouse Commissioners, and can only be removed from office for cause; that is, "after due presentation of charges embracing causes for his removal, and notice of the same with a reasonable opportunity to be heard upon such charges before said board of commissioners." Secs. 7624, 7654, 7656, 7662, R. S. 1899; State ex rel. v. Maroney, 191 Mo. 546.    (2)    It is equally certain that *certiorari* is his proper remedy.    From the hasty, arbitrary and ill-advised proceedings removing him from office, no appeal or writ of error lies to a superior court. State ex rel. v. St. Louis, 90 Mo., 19; State ex rel. v. Police Commissioners St. Louis, 14 Mo. App. 297; State ex rel. v. Maroney, 191 Mo. 548; State ex rel. v. Walbridge, 119 Mo. 383; Horstman v. Adamson, 101 Mo. App. 119; State ex rel. v. Brown, 57 Mo. App. 199.

*Reed, Yates & Mastin* for respondents.

(1)    The petition in this case called "Application for Writ," alleges that relator was appointed on November 1, 1903, for a term ending on November 1, 1907. It, therefore, clearly appears that to grant the writ will be wholly unavailing, as relator's term of office will have expired before such action can be had.    To grant writs of this nature is an act that lies within the sound discretion of the court, and the policy of the law has ever been to refuse action under such circumstances as are here presented. Williams v. County Commissioners, 35 Me. 345; Howard v. Gage, 6 Mass. 462; Insurance Co. v. Phillips, 141 Mass. 546; State ex rel. v. Gibson, 187 Mo. 356; State ex rel. v. Bank, 39 Iowa 706.    It is a general principle, applicable to *certiorari*, as to all other extraordinary remedies and proceedings, that process will not issue where it would be without bene-

ficial results, and *certiorari* will not lie where no substantial relief can be given. 2 Spelling, Extraordinary Remedies, sec. 1896. (2) The only writ of *certiorari* known to our practice in cases of this kind is the common law writ of that name which only brings up the record and can only reach errors or defects affecting the jurisdiction of inferior tribunals. State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Baker, 170 Mo. 390; Ward v. Board of Equalization, 135 Mo. 319; State ex rel. v. City of Kansas, 89 Mo. 38; State ex rel. v. Edwards, 104 Mo. 126; Railroad v. State Board, 64 Mo. 294; 2 Spelling, Ex. Rem., sec. 1915. This jurisdiction involves only (1) the subject-matter, and (2) the person. Jurisdiction of the subject-matter must be conceded, since this is conferred by section 7662, Revised Statutes 1899, which section not only confers the right to remove for cause, but also without cause, i. e., "when it shall be deemed necessary to reduce the number of persons appointed or employed, their terms of service shall cease under the orders of the same authority by which they were appointed or employed." Assuming, however, that the board has authority to remove for cause only, it is apparent from all authorities that if it be decided that the board had jurisdiction of the subject-matter and of the person of relator to the time its action was taken, then no inquiry is permissible into the manner or form in which its jurisdiction was exercised. The requisites necessary to confer jurisdiction in the case, so far as the relator's person is concerned, may be said to be formal charges filed and notice to relator of such charges, the purpose of the notice being to secure the attendance of relator and an opportunity to answer. The attendance of relator at the time the charges were filed, read to him and considered, filled all requirements of the law. State ex rel. v. Buchanan County Board, 108 Mo. 242; Ward v. Board, 135 Mo. 319; State ex rel. v. Baker,

107 Mo. 390; State ex rel. v. Smith, 101 Mo. 174. The alleged refusal of the board to grant a continuance of the hearing only goes to the manner in which the board exercised its jurisdiction, and not a matter of review in a proceeding of this nature. This at most was but an exercise of jurisdictional discretion, and, as we have already seen, a writ of this nature does not permit inquiry into this question.

GANTT, C. J.—The relator, Tedford, applied to this court in January of this year, for a writ of *certiorari* directed to the respondents as the Board of Railroad and Warehouse Commissioners of this State, to certify to this court the proceedings had by the said board on the 8th of January, 1907, wherein and whereby they discharged, dismissed and removed the relator from his office as Chief Grain Inspector of this State. The application was granted and the writ issued returnable on or before January 23. The respondents in due time made their return, wherein they stated that at the regular session of said board, held at Kansas City, in this State, certain charges in writing, duly verified by the affidavit of the complainant, were filed with the said board by one Baxter Brown, a copy of which said charges was made a part of the return. These charges in substance were that in the month of May, 1906, the relator without authority discharged one McVeigh, who had theretofore been the deputy grain inspector of said board, and that after the removel of said McVeigh he asked for a hearing before the board for reinstatement by them, and on said hearing relator failed and refused to produce any evidence or show any legal cause for the removal of said McVeigh, and thereupon the said board set aside the order of removal, but the relator in defiance of the action of the board refused to reinstate McVeigh or put him upon the pay roll; that on or about the 2nd of August, 1906, the said Tedford

without authority of law undertook to and did discharge Baxter Brown, who prior to that time had been engaged as chief clerk in the grain inspection department in Kansas City, and refused to permit said Brown to perform his duties as chief clerk; that the relator had violated the statutes of the State of Missouri in that at divers and sundry times he had permitted the receipt of grain in public warehouses without said grain being inspected and graded by the duly authorized inspector during the year 1906; that the said relator is, and for a long time had been, under the orders and rules of the Board of Railroad and Warehouse Commissioners, the custodian of a certain fund consisting of the proceeds of fees and dues collected for the inspection and weighing of grain; that on or about the month of November, 1906, the said board, by order duly made, directed the relator to give a good and sufficient bond in the sum of $25,000 for his faithful accounting of said funds; that he has failed, neglected and refused to give said bond, and that in all the matters aforesaid he has been guilty of improper official acts, of insubordination, and has seriously impaired the efficiency of the grain inspection department. These charges were made and sworn to on the 8th of January, 1907. The record discloses that the Board of Railroad and Warehouse Commissioners met on Tuesday, January 8, 1907, at 7:30 o'clock, and the meeting continued until about 10:30 p. m. The record then recites: "The conference having concluded its deliberations, the chairman, Knott, asked if there was any further business, when Mr. Baxter Brown of Kansas City arose and stated that he had a matter to present to the board, and asked the secretary to read a copy of the charges above noted, which were then read by the secretary." At the conclusion of the reading of the foregoing charges the record recites: "Chairman Knott asked Chief Inspector Tedford what he had to say in answer to the charges preferred against

him by Mr. Brown; Mr. Tedford replied, that the charges were not true, but he had no time at such an hour and on such short notice to prepare his answer and asked for more time. Mr. Knott replied that the entire inspection department force was present and that Mr. Tedford could question Mr. Brown's witnesses and call any member of the force to testify in his behalf. Mr. Brown stated that he was ready to submit testimony in proof of his allegations. Commissioner Wightman objected to proceeding further in the matter at that time; that Chief Inspector Tedford should have a reasonable length of time in which to prepare his answer, and he moved that the board postpone further action for ten days in order that Mr. Tedford might have sufficient time in which to prepare his reply to the charges. Chairman Knott offered as a substitute that the board proceed to an immediate hearing of the testimony in the case. Mr. Tedford again asked for a postponement in order that he might have time to consult an attorney and prepare his defense. Commissioner Oglesby said that he was acting under the advice of counsel and had to support the substitute, as Mr. Tedford could, if he wanted to be mean about it, cause the board trouble and embarrassment. Mr. Tedford answered that he would retire and not further participate in the proceedings. At this moment, as Mr. Tedford reached for his overcoat and hat, preparing to retire from the room, Chairman Knott directed the secretary to read to Tedford the following order: 'Fred H. Tedford, Esq. We hereby demand that you at once turn over to the Board of Railroad and Warehouse Commissioners of the State of Missouri, any and all moneys which you now have in your possession or under your control, arising from the collection of fees and dues for the weighing and inspection of grain and hay, and any and all other moneys which you may have in your possession or under your control, and which came into your hands as chief

inspector. January 8, 1907. Board of Railroad and Warehouse Commissioners of the State of Missouri. By John A. Knott, Chairman. T. M. Bradbury, Secretary.' While this order was being read by the secretary, Mr. Tedford rushed from the room in great haste, slamming the door behind him. The substitute was adopted by the votes of Commissioners Knott and Oglesby, Commissioner Wightman voting no. Several members of the department testified as to the charges preferred. When the taking of the evidence had concluded, Commissioner Oglesby moved that the charges as made by Mr. Brown against Tedford be sustained and that Mr. Tedford be removed from the office of chief grain inspector, said removal to take place at once. The motion was seconded by Mr. Knott. Mr. Wightman objected, saying that he thought the charges were altogether too sudden and that Mr. Tedford ought to have an opportunity to file his denial and get such evidence as to contradict the testimony. The motion prevailed by the vote of the commissioners Knott and Oglesby. Commissioner Wightman absent.'' On the next morning a formal notice was served upon the relator that he had been removed the night before upon the charges filed against him by Baxter Brown, and he was instructed to turn over the keys of the office and papers belonging thereto to Mr. Harry C. Nunn who had been appointed in his stead.

The return further pleads that it is not true that the relator had no notice that any charge or complaints were to be made against him, but on the contrary, on the day preceding the filing of said charges, one of said commissioners, Rube Oglesby, informed the relator that charges would be preferred against him at the then session of said board, and respondents further state that relator was present at the meeting of the board on the 8th of January, 1907, and the charges were read over to him, and that at that time it was

stated to him in substance that he would be permitted to examine the witnesses about the testimony that was introduced against him. Relator at first filed a motion to strike out a portion of respondent's return, which was overruled by this court. Afterwards relator filed a denial of the return and then subsequently, by leave of the court, withdrew that denial, and filed a motion for judgment on the pleadings. And it is upon this motion that the cause has been heard.

As we were all of the opinion that the action of the majority of the Board of Railroad and Warehouse Commissioners in dismissing relator from his position as chief inspector was arbitrary and without authority of law, judgment was directed quashing the record and proceedings of the Board of Railroad and Warehouse Commissioners wherein and whereby they attempted to discharge relator from his office as chief inspector. It was directed at that time that the opinion of the court be filed at a later date.

I. The relator was appointed November first, 1903, as chief inspector of grains for this State for a term ending November first, 1907, under and by virtue of section 7624, Revised Statutes 1899. The statute under which relator held his office as chief inspector at the time of his attempted removal provided that his "term of office as chief inspector of grain shall be for four years." It was made his duty to have a general supervision of the inspection of grain as required by the laws of this State under the immediate direction of the Board of Railroad and Warehouse Commissioners. [Sec. 7654, R. S. 1899.] By section 7656, Revised Statutes 1899, he was required to take an oath that he would faithfully and strictly discharge the duties of his said office according to law and the rules and regulations prescribing his duties; and to execute a bond in the penal sum of $50,000 to the State of Missouri, conditioned that he would pay all damages to any person or

persons who might be injured by reason of any neglect, refusal or failure to comply with the law. Section 7662 provides: "Upon complaint in writing of any person to said commissioners, supported by satisfactory proof, that any person appointed or employed by said commissioners under the provision of this article has violated any of the rules prescribed for his government, or has been guilty of any improper official act, or has been found incompetent for the duties of his position, such person shall be removed from his employment by the same authority that appointed him, and his place shall be filled, if necessary, by a new appointment."

Relator is an officer under the laws of this State by all the tests which distinguish an officer from a mere employee. He has a fixed tenure of four years. He is denominated an officer by the law which creates his position and the same act devolves upon him public duties of prime importance to the State. He was required to take an official oath and to enter into a bond in the sum of fifty thousand dollars for a faithful discharge of his official duties. The duties of the position are fixed and continuing, whoever the incumbent may be. [State ex rel. v. May, 106 Mo. 488.] It is obvious that the Legislature has provided that the Chief Grain Inspector and other appointees can be removed by the board only upon written charges of misconduct, section 7662, but the statute makes no affirmative provision for notice to the officer of the charges, "but the law in accordance with the principles of justice,—principles which are fundamental and eternal, will require that notice be given before any person can be passed upon, either in person, estate or any other matter or thing to which he is entitled. And though the statutes do not in terms require notice, the law will imply that notice was intended." [State ex rel. v. Walbridge, 119 Mo. l. c. 394 and 395; Wickham v. Page, 49 Mo. 526; Brown v.

Weatherby, 71 Mo. 152.] "And what the law will imply is as much a part and parcel of a legislative enactment as though set forth in terms." [State ex rel. v. Board, 108 Mo. l. c. 242.] No such reasonable notice as the law contemplates was given relator of the charges preferred against him. Indeed no notice whatever was given him, because the proceedings on the night when the order of removal was made had none of the semblance of a lawful investigation. The relator had not been served with a copy of the charges, was denied an opportunity to have counsel or summon his witnesses. He very properly refused to remain and witness the conclusion of the utterly illegal proceeding. The action of the board in passing the order of removal of relator was void because in excess of its jurisdiction. It could only proceed upon notice and nothing approaching notice, in the meaning of the law, was given relator in this case. As the power conferred upon the board to remove for cause upon complaint in writing, plainly provided for a hearing and determination of the truth or falsity of the charges, it was *judicial* in its nature and as no appeal or writ of error is provided, *certiorari* is the appropriate if not the only remedy which relator had to undo the arbitrary action of the board.

The judgment quashing the proceedings of the board in so far as they attempted to remove relator from his office as Chief Grain Inspector, having been already entered, it only remains to indicate our reasons therefor in this opinion, which will be filed as of the date of the judgment. All concur.