WILLIAM S. LOUGHRAN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANTS.

Argued June 4, 1914—Decided November 5, 1914.

1. Where the remedy sought is the abolition of positions created by resolutions, *certiorari* is the proper proceeding, and not *quo warranto*, because *quo warranto* would only oust the incumbents and not abolish the offices.

2. A commissioner under the Walsh act resigned his office, such resignation to take effect May 4th, 1914, but he acted as commissioner on that day and voted for the passage of a certain ordinance. *Held*, that as the law does not regard fractions of a day the resignation was effective at the beginning of the day, and that in attempting to exercise the functions of his office, after his resignation became effective, the commissioner was not a *de facto* officer, but a mere intruder.

3. Where an ordinance was passed by the commissioners of a city, by a vote in which a person joined who had ceased to be a commissioner by reason of his resignation of his office having become effective prior to the passage of said ordinance, and without whose vote in favor of the ordinance the commissioners would have been equally divided, the ordinance did not become effective and will be set aside.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *George L. Record*.

For the defendants, *John Milton*.

The opinion of the court was delivered by

SWAYZE, J.   We think the prosecutor's interest is sufficient to justify his prosecuting the writ. We also think that *certiorari* is a proper remedy to review resolutions which created the new positions. Even if the positions could be regarded as offices, *quo warranto* would not be the effective remedy; it would only oust the incumbents; what the prosecutor seeks is to abolish the office.

We pass to the merits. Mr. Ferris' resignation was to take effect on May 4th, 1914. The law does not regard fractions of a day and the resignation was as effective at the stroke of midnight on May 3d as at any hour. To hold that he continued in office after the beginning of the day of May 4th would be equivalent to holding that he continued during the whole day; if so, his resignation would not take effect until the stroke of midnight of May 4th, or, in other words, not until May 5th. This result seems to be conceded by counsel's argument likening the case to the payment of a debt where the debtor has the whole day. The case to which counsel for the prosecutor referred us is an authority in point. *State, ex rel. Farrer,* v. *McIntosh,* 122 *N. W. Rep.* 462. In fact, counsel for the defendant, in effect, conceded the weakness of the claim and rested in the main on the claim that Mr. Ferris was a *de facto* officer. He acted as a commissioner on May 4th; was recognized by his colleagues and took part in other proceedings besides the vote on the ordinance now in question. Perhaps if, in the other cases, as in this, his vote had been essential to make a majority, the question might have been raised sooner. One of the important points of difference between a *de facto* officer and a mere intruder is that the former acts under color of right. *Dugan* v. *Farrier,* 47 *N. J. L.* 383; affirmed on opinion, 48 *Id.* 613; *Erwin* v. *Jersey City,* 60 *Id.* 141; *Oliver* v. *Jersey City,* 63 *Id.* 634. The Erwin case is especially instructive, since it was there claimed that Mr. Erwin's predecessor was also a *de facto* officer. What determined the court against Mr. Weart was the fact that he had laid down the work and himself described his action as taking it up. 60 *Id.* 148. So, in this case, Mr. Ferris had laid down

his work at the stroke of midnight of May 3d. He took it up again without anything intervening to give him color of right except merely acting as any intruder might do. In Oliver *v.* Jersey City the Court of Errors and Appeals reiterated and dwelt upon the fact that Colonel Smith had never resigned (63 *Id.* 638), and that everybody knew he had not resigned (*Id.* 641), and the opinion is at pains to say: "The expiration of the term of an officer, and the appointment or election and qualification of his successor, the resignation of a public officer, the abolition of the office itself by an act of the legislature, the refusal of the board or legislative body of which the officer is a member to recognize him, or the judgment of a court against the title of the officer, are such facts as third persons and the public are, as a general rule, required to take notice of." It is impossible to go further than to put resignation in the same category with abolition of the office by the legislature, and the adverse judgment of a court. Under this rule, Mr. Ferris was not a *de facto* officer. Without his vote the commissioners were equally divided and the ordinance did not become effective. It must be set aside.