McPHERSON DRUG COMPANY v. NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 7 March, 1917.)

**Constitutional Law—Courts—Appeal—Acquiescence—Certiorari.**

Where the statute establishing a recorder's court does not provide for an appeal, the remedy to obtain trial in the Superior Court is by *certiorari;* but where the case has been duly docketed therein and regularly set on the trial calendar for several succeeding terms with appellee's consent, he will lose his right to dismiss it by his delay and acquiescence.

APPEAL by defendant from judgment in the recorder's court of Harnett County to the Superior Court and heard by *Stacy, J.,* on motion to dismiss at November Term, 1916. His Honer dismissed the appeal and defendant excepted and appealed to the Supreme Court.

*Baggett & Baggett for plaintiff.*
*R. N. Simms, D. H. McLean & Son for defendant.*

BROWN, J. Judgment was rendered against defendant in the recorder's court 5 December, 1914, and an appeal was taken and duly docketed in the Superior Court before next ensuing term, 5 February, 1915. The case has stood for trial on the civil-issue docket at every term of the Superior Court until November Term, 1916, when the motion to dismiss was first made.

It appears in the case on appeal that it has appeared regularly on the calendar of cases set for trial with the knowledge and consent of plaintiff's attorneys.

His Honor dismissed the appeal because the statute establishing the recorder's court failed to provide for an appeal and that defendant should have applied for a *certiorari* at first succeeding term of the Superior Court. It is true the statute does not provide for an appeal and that *certiorari* is the only remedy.

This case differs, however, from *Taylor v. Johnson,* 171 N. C., 84. In that case the appeal was not docketed in Superior Court and no *certiorari* was applied for at next term of that court.

In this case the appeal was docketed at the next succeeding term in February, 1915, and the case was duly calendared by consent at every trial term since, and no motion to dismiss was made until November Term, 1916.

In the case cited it is held that when the appeal is taken and duly docketed in the Superior Court, without objection, the jurisdiction of that court will attach notwithstanding the failure of the statute to provide for an appeal.

In this case the appeal was docketed at February Term, 1915, and duly calendared by consent at each succeeding term, and no motion to dismiss was made until November Term, 1916; consequently the plaintiff has lost his right to dismiss by delay and long acquiescence.

The motion was made too late, and should have been denied.

Reversed.