[Civ. No. 3648.  Second Appellate District, Division Two.—February 27, 1922.]

## SIDNEY SWEETNAM, Appellant, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

[1] MUNICIPAL CORPORATIONS — LOS ANGELES — REMOVAL OF POLICE OFFICERS—CONSTRUCTION OF CHARTER.—Under section 93 of the charter of the city of Los Angeles, the power to remove or to suspend a police officer is conferred upon the chief of police, the power only to review the action of that officer, but not the power of removal or suspension, being vested in the board of police commissioners.

[2] CERTIORARI — PROCEEDINGS OF INFERIOR BODY — WHEN ACTS REVIEWABLE. — Where the inferior body is not a judicial tribunal its proceedings will be reviewed on *certiorari* only when its acts are of a judicial or *quasi*-judicial character.

[3] ID.—REMOVAL OF OFFICER—WHEN JUDICIAL FUNCTION.—The removal of an officer involves the exercise of judicial functions only when the law by which the power is conferred requires notice and a hearing of the charge as a condition precedent to the removal.

[4] MUNICIPAL CORPORATIONS—LOS ANGELES—ATTEMPTED REMOVAL OF OFFICER BY UNAUTHORIZED BODY—EFFECT OF ORDER—RIGHT TO SALARY.—The board of police commissioners of the city of Los Angeles, not being vested with the power to remove a police officer, but only with the power to review the action of the chief of police after the latter has removed or suspended the officer, a purported order of removal by such board is wholly without force, and determines no right; and such an order will not stand between the officer thus ordered removed and his right to receive the salary that goes with the office he occupied.

[5] CERTIORARI — MATTERS REVIEWED — NECESSITY FOR SEMBLANCE OF VITALITY.—To justify the allowance of a writ of *certiorari* it must appear that the matter sought to be reviewed has at least some semblance of vitality; that, as long as it stands, it affects some right or interest of the party applying for the writ.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Warren L. Williams and Seymour S. Silverton for Appellant.

Jess E. Stephens, City Attorney, and Robert Hanley, Deputy City Attorney, for Respondents.

CRAIG, J.—This is an appeal from a judgment of the superior court rendered after a demurrer had been sustained to a petition for a writ of review, the petitioner having declined to amend. The facts essential to be mentioned for the purposes of this decision are as follows: The petitioner was a police officer of the city of Los Angeles and had been acting in that capacity for a considerable period prior to June 8, 1920. The defendants and respondents are the board of police commissioners of the city of Los Angeles and the individual members of this board. The petition alleges that on or about the eighth day of June, 1920, the petitioner was dismissed from the employ of the police department of said city of Los Angeles by the respondents and defendants herein. It then continues to recite that in making said order of dismissal the respondents acted in excess of their jurisdiction; that no charges of any nature were preferred against the petitioner; that no cause or ground was assigned as a

reason for his dismissal and that no investigation was conducted relative to his dismissal. Both sides agree that the sole question presented upon this appeal is to be determined by a construction of section 93 of the charter of the city of Los Angeles, and that we are required to determine whether or not this section of the charter provides for a *quasi*-judicial or an executive proceeding when the board of police commissioners makes an order removing a member of the police department. It is agreed that if such a proceeding is *quasi*-judicial the action of the board is subject to review and that, if it is executive in its nature, the courts have no jurisdiction to review the action of the board. However, as we view the matter, our decision must be based upon other grounds.

Section 93 of the charter provides: "The chief of police shall have the power to suspend or remove any officer or employee in the Police Department; but no such suspension or removal shall be made except for cause, which shall be stated in writing and filed with said board, with certification that a copy of such statement has been served upon the person so suspended or removed personally, or by leaving a copy thereof at his last known place of residence if he cannot be found. Upon such filing the suspension or removal shall take effect. Within fifteen days after such statement shall have been filed, the said board, upon its own motion, may, or upon written application of the person so suspended or removed, filed with said board within five days after service upon him of such statement, as above provided, shall proceed to investigate the grounds for such suspension or removal. If, in the case of a removal, the said board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, and also finds in writing that the person removed is a fit and suitable person to fill the position from which he was removed, the said board shall reinstate him in such position, and if, in the case of a suspension, the board, after such investigation, shall find in writing that the grounds stated were insufficient, or were not sustained, the said board shall restore the person so suspended to duty. The order of said board with respect to such suspension or removal shall be final and conclusive."

It will be observed that the procedure provided by the foregoing section for the removal of an officer contemplates, first, the making of an order for removal by the chief of police. It is definitely stated that "upon such filing the suspension or removal shall take effect," so that an officer is removed when the chief of police shall have filed with the board of police commissioners the order for removal with a statement of the cause for such action having been taken. Counsel for appellant assumes that the charter requires the board of police commissioners to make an investigation to determine whether or not the action of the chief of police was justified and the ground of removal stated sufficient. This assumption is erroneous. Unless the officer removed makes application for an investigation it is not incumbent upon the board to investigate of their own volition. To be sure they are permitted to do so, but there is no requirement that they shall conduct any investigation unless requested by the officer whose removal has been ordered by the chief of police. Of course, there are instances where the word "may" as used in statutory enactments has been construed to mean must, but it is too plain to require argument that in this instance such a construction cannot be placed upon the use of the word "may" where it is provided in the section here under consideration that the board "may, or upon written application of the person so suspended or removed . . . shall proceed to investigate the grounds for such suspension or removal." The petitioner, therefore, has no cause to complain that the board of police commissioners did not see fit to hold an investigation unless he filed with said board an application asking that such an investigation be made. The filing of such an application by the petitioner is expressly made a condition precedent to his acquiring a right to demand an investigation. It nowhere appears in the petition that such an application was filed and hence it fails to state a cause of action and the demurrer was properly sustained. The petition does aver that the board of police commissioners made an order removing him and that this was done irregularly, but it is not every order of a board constituted as this one is that is subject to review upon *certiorari*. The petition does not allege that the action of the board of police commissioners was preceded by any order of the chief of police.

Indeed, assuming the facts stated in the petition to be a complete recitation of the entire transaction, the action of the board cannot be said to be an attempt to exercise the authority delegated by section 93 of the charter, but rather the making of an order so entirely in excess of its jurisdiction as to be null and void upon its face. The board of police commissioners is, of course, one whose ordinary duties are ministerial rather than judicial. If it were to make an order clearly beyond its authority, as, for instance, to remove the city attorney, no one would suggest that a writ of *certiorari* would issue as a remedy against such usurpation of authority. Assuming the facts stated in this petition to be true and considering these allegations only, which we must do upon this appeal, the order of removal alleged to have been made must be regarded as so completely unsanctioned and beyond the authority of the board as not to suggest an attempted exercise of any authority actually belonging to the board under the charter.

Counsel assume in their briefs that the chief of police had made an order of removal of the petitioner, but this fact, if it be a fact, does not appear in the transcript and we cannot, therefore, properly consider it.

The judgment appealed from is affirmed.

FINLAYSON, P. J., Concurring.—I concur in the judgment. [1] It seems to be conceded by counsel that the only provisions relating to the removal of a police officer are those which are contained in section 93 of the city charter. That section nowhere vests the board of police commissioners with the power of removal. The power to remove or to suspend is conferred upon the chief of police. The board is vested with the power to review the action of that officer, but not with the power to make an order of removal or suspension. Nowhere in the petition is it alleged that petitioner was removed from office by the chief of police. The allegation is that petitioner "was dismissed from the employ of the police department . . . by the respondents and defendants herein"—the board of police commissioners of the city of Los Angeles and the individual members thereof. If, as seems to be conceded, the sole authority for the removal of a police officer is such as may

be discovered in section 93 of the city's organic law, and if, as is alleged in the petition, the board of police commissioners undertook to remove or dismiss petitioner, such action on the board's part was but a bald usurpation of power that is vested elsewhere, namely, in the chief of police. [2] Where the inferior body is not a judicial tribunal its proceedings will be reviewed on *certiorari* only when its acts are of a judicial or *quasi*-judicial character. The board of police commissioners is not a judicial body; and the mere act of removing a person from office does not necessarily involve an exercise of judicial power. Rather is it an act of the executive department. [3] The removal of an officer involves the exercise of judicial functions only when the law by which the power is conferred requires notice and a hearing of the charge as a condition precedent to the removal. (*Matter of Carter,* 141 Cal. 316 [74 Pac. 997].) [4] It follows, therefore, that if a board that has no power whatever to make an order of removal in any event shall, nevertheless, assume to remove one from office, no judicial function is exercised or assumed, since, as I have shown, the mere act of removing one from office involves the exercise of an executive, rather than a judicial power.

Moreover, if the board of police commissioners is not vested with the power to remove a police officer, but only with the power to review the action of the chief of police after the latter has removed or suspended the officer, then the board's purported order of removal, being wholly without force, determines no right. It is in legal contemplation as inoperative as though it had never been promulgated. It would not stand between petitioner and his right to receive the salary that goes with the office from which, if the allegations of the petition be true, the defendants ineffectively endeavored to remove him. [5] To justify the allowance of a writ of *certiorari* it must appear that the matter sought to be reviewed has at least some semblance of vitality; that, as long as it stands, it affects some right or interest of the party applying for the writ. (*Clay* v. *Civil Service Commission,* 89 N. J. L. 194 [98 Atl. 312].)

Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.