In the Matter of the Application of JAMES S. BRYAN for an Alternative Order of Prohibition against the TOWN BOARD OF THE TOWN OF BRIGHTON, MONROE COUNTY, NEW YORK.

Supreme Court, Monroe County, December 8, 1928.

*James S. Bryan,* petitioner in person.

*Remington, Remington & Keating* [*Kenneth B. Keating* of counsel], for the defendant.

CUNNINGHAM, J. The petitioner is a water commissioner of the Highland-Clinton water district of the town of Brighton. Two other members of the board of water commissioners of such district have presented to the town board of the town of Brighton a complaint in writing charging the petitioner with neglect of duty.

The town board has power to remove a water commissioner " for neglect of duty upon written charges and proper hearing." (Town Law, § 285, as amd. by Laws of 1927, chap. 70.) The petitioner is, therefore, entitled to a fair hearing, the witnesses must be sworn and may be cross-examined and the petitioner has the right to present testimony in his own defense.

The charges preferred should be specific so as to give the petitioner a fair opportunity to meet them. (*Matter of Cregier* v. *Cassidy*, 205 App. Div. 774; *Kennedy* v. *Foley*, 177 N. Y. Supp. 849.)

The petitioner may review an adverse determination by an order of certiorari. (*People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *People ex rel. Jones* v. *Sherman*, 66 App. Div. 231; affd., 171 N. Y. 684; *People ex rel. Menzie* v. *Davis*, 189 App. Div. 391; *Matter of Cruise* v. *Commission of Public Safety*, 204 id. 678; *People ex rel. Hunt* v. *Hall*, 220 id. 152.)

The question as to whether the charges, if proved, are sufficient to warrant removal may be determined by the court in the certiorari proceeding. (*People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156, 162; *People ex rel. Hunt* v. *Hall, supra; People ex rel. Winspear* v. *Kreinheder*, 197 App. Div. 887.)

An order of prohibition will issue only to prevent a tribunal from acting in excess of its authority and will not be granted for the purpose of regulating procedure, correcting errors or preventing anticipated errors. (*People ex rel. Jones* v. *Sherman, supra; People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463; *People ex rel. Mulkins* v. *Jimerson*, 229 id. 438.)

So that the question to be determined in this case is whether or not the town board has jurisdiction to hear the charges presented against the petitioner.

The petitioner claims that he is a town officer and may only be removed by the Supreme Court, as provided in section 36 of the Public Officers Law. The Public Officers Law was enacted in 1909 (Chap. 51). The Town Law was passed the same year, but section 285 thereof was amended in 1926 (Chap. 711) by adding thereto among other things the provision giving the town board power to remove water commissioners, and was amended and re-enacted containing the same provision in 1927 (Chap. 70).

The statute containing the special provision relating to the

removal of water commissioners of course takes precedence over an earlier statute containing a general provision for the removal of all officers of towns and villages. Moreover a water commissioner is not one of the officials referred to in that section of the Public Officers Law, as he is not a town officer. (*People* v. *Stoll*, 242 N. Y. 453.)

One of the members of the town board is temporarily absent from the State and the petitioner claims that a hearing upon the charges may not proceed in his absence. A majority of the members of a board exercising public functions may " at a meeting duly held " perform any duty imposed upon such board or exercise any power or authority granted to it. (Gen. Const. Law, § 41.) This statute authorizes a majority of the members of the town board to hear and determine the charges preferred against the petitioner. (*People ex rel. Pond* v. *Board of Trustees*, 4 App. Div. 399.)

After the charges were preferred against the petitioner hearings were had and testimony taken with reference thereto. The petitioner claims that the defendant board intends to abandon the proceedings already had and to give a new hearing upon the charges, disregarding the testimony previously taken.

I believe that the town board having commenced the hearing upon the charges is bound to proceed to a determination thereof; it may not unduly harass petitioner and subject him to unnecessary hearings. If the first hearing had proceeded to a final determination and the charges were dismissed, I am of the opinion that the board would be without authority to retry the petitioner upon the same charges.

The query whether the board has the power to disregard the previous hearings and to hear the charges *de novo* raises a question of jurisdiction. The defendant board now expresses a willingness to continue the former hearings upon the charges, to consider the evidence taken at such hearings, to give the petitioner an opportunity to be heard in his defense and to determine the charges upon all the proceedings had at the prior and future hearings.

An order of prohibition is an unusual remedy and is granted only in cases of necessity, when it appears that a tribunal is attempting to act without authority or in excess of its authority. When charges are filed against a public officer it is a matter of public concern that such charges should be heard and determined as speedily as possible. If the petitioner is unfairly dealt with, if the charges are insufficient, or are not proved, if he be not given an opportunity to present his defense, then he has a remedy in a certiorari proceeding.

I am of the opinion that it is for the best interests of the people affected and possibly also of the petitioner that these charges should be speedily tried and determined and that the court is not justified in granting an order which would restrain such trial and determination.

The application is denied without prejudice to a renewal thereof in case the town board attempt to abandon the hearing now pending before it.