BOARD OF EDUCATION v. ANDERSON.

The trial judge declined to permit the defendant to offer evidence to the effect that it had received no notice from any vendee of coca cola or from its drivers, with respect to any foreign substances contained in beverage so bottled and sold. Exception to this ruling cannot be sustained. The identical point was discussed in *Cashwell v. Bottling Works*, 174 N. C., 324, 93 S. E., 901. It is written in that case: "A seller may not have knowledge of the danger lurking in his goods, but this matter of knowledge may be produced by his failure to exercise proper care to acquire it; and knowledge is not an essential or requisite element of liability for the consequence, if the dangerous character of goods could be eliminated by the use of that degree of care which the law required of him under the circumstances."

The defendant also assigned as error the ruling of the trial judge excluding the testimony of a witness for the defendant to the effect that in his opinion the glass found in the bottle could not have passed through defendant's bottling machine. This ruling is correct for the reason that such testimony plainly invaded the province of the jury.

We have examined all the exceptions and find no reversible error.

No error.

---

BOARD OF EDUCATION OF GRAHAM COUNTY v. D. ANDERSON AND S. A. CRISP.

(Filed 19 December, 1930.)

**Judgments F c—Judgment in this case held erroneous as being inconsistent.**

Where the county board of education orders the removal of school committeemen, C. S., 5458, who appeal under the provisions of C. S., 5427, the judgment of the Superior Court judge holding the act of the board of education in removing the committeemen invalid and dismissing the appeal for want of jurisdiction is inconsistent and erroneous.

APPEAL by plaintiff from *Harwood, Special Judge,* at September Term, 1930, of GRAHAM.

Proceeding to remove D. Anderson and S. A. Crisp as school committeemen of Yellow Creek Township, Graham County, for cause under 3 C. S., 5458.

From an order of removal made by the county board of education of Graham County, the said committeemen appealed to the Superior Court, asserting their right to do so under 3 C. S., 5427.

From a judgment dismissing the appeal for want of jurisdiction, but holding that the action of the board of education in removing said committeemen, was invalid and without force and effect, the board of education of Graham County appeals, assigning error.

*Dillard & Hill for plaintiff.*
*R. L. Phillips for defendants.*

STACY, C. J. There was error in dismissing the appeal for want of jurisdiction, and at the same time holding that the order of removal made by the board of education was void. The two rulings would seem to be inconsistent.

Error.

CITY OF ELIZABETH CITY v. A. L. AYDLETT.

(Filed 19 December, 1930.)

**Municipal Corporations H e—Under statutory authority a city may enjoin the violation of its zoning ordinance.**

Section 8, chapter 250, Public Laws of 1923, permits the issuance of a restraining order in favor of a city against the erection and maintenance of a filling or gasoline station contrary to its ordinance, and the refusal to issue such restraining order on the ground that the remedy of the city for the violation of its zoning ordinance is by indictment alone is erroneous.

APPEAL by plaintiff from *Cranmer, J.,* 23 April, 1930, at Columbia. From PASQUOTANK.

Civil action to restrain the defendant from completing a gasoline filling or gasoline storage station, and from operating same in violation of a zoning ordinance, adopted pursuant to chapter 250, Public Laws 1923.

From a judgment dissolving the temporary restraining order on the ground that indictment, and not injunction, is the only available remedy, plaintiff appeals, assigning error.

*J. B. Leigh and Thompson & Wilson for plaintiff.*
*M. B. Simpson and McMullan & LeRoy for defendant.*

STACY, C. J. Section 8 of chapter 250, Public Laws 1923, provides that in case any building or structure is erected or maintained in violation of any ordinance or regulation adopted in pursuance thereof, the proper authorities of the municipality, in addition to other remedies, may institute any appropriate action or proceeding to restrain or abate