## J. P. RUSS v. THE BOARD OF EDUCATION OF BRUNSWICK COUNTY.

(Filed 24 May, 1950.)

**1. Schools § 4c—**

A school committeeman for a district, although appointed by the county board of education, holds for a definite term of two years and is not removable at the will or caprice of the county board of education, but may be removed only for cause after notice and an opportunity to be heard. G.S. 115-74, G.S. 115-354.

**2. Courts § 4e—**

*Certiorari* is the appropriate process to review the proceedings of boards and officers exercising judicial or *quasi*-judicial functions in cases where no appeal is provided by law. G.S. 1-269.

**3. Same: Schools § 4c—**

A proceeding for the removal of a school district committeeman under G.S. 115-74 is judicial or *quasi*-judicial in character, and, there being no statutory provision for appeal, the procedure to obtain a review of the board's proceedings is by *certiorari*.

**4. Same—**

Where a verified petition of a district school committeeman alleges that the county board of education made an order purporting to remove petitioner from his office without notice and an opportunity to be heard, and contains a general prayer for relief in addition to specific prayers, it will not be held inadequate as a petition for *certiorari* because of its failure to specifically pray that the writ be issued.

APPEAL by defendant from *Stevens, J.,* at September Term, 1949, of BRUNSWICK.

Application for writ of *certiorari* to review action of defendant in removing petitioner from his office as member of a district school committee.

The verified application of the petitioner alleges the following things in specific detail: On 4 May, 1949, the defendant, Board of Education of Brunswick County, elected the petitioner a member of the school committee for Shallotte School District in Brunswick County for a term of two years, and the petitioner forthwith qualified for the office and entered upon the discharge of its duties. On 18 May, 1949, the defendant made an order purporting to remove petitioner from his office. In making such order, the defendant acted in excess of its jurisdiction; for the petitioner was capable of performing the duties of his office, and was actually discharging them in conformity to law, and had not been guilty of any immoral or disreputable conduct. Moreover, the defendant proceeded illegally in making the order of removal. The petitioner was given no notice of any charges or proceeding against him, and was

afforded no opportunity to be heard or to produce evidence in his defense. In fact, no charge of any kind was preferred against him, no investigation was conducted relative to his removal, and no cause or ground was assigned as a reason for the action of the defendant.

The prayer of the application is as follows: That the Superior Court review the action of the defendant in removing the petitioner from his office, and declare such action to be invalid; that the Superior Court adjudge that the petitioner is still a member of the school committee for the Shallotte District; and that the Superior Court grant the petitioner "such other and further relief in the premises as the nature and equity of this case may require and to this honorable court may seem meet and proper."

The defendant demurred to the application and moved to dismiss it upon the ground that it "does not state facts sufficient to constitute a cause of action," and upon the further ground that the Superior Court is without jurisdiction to review the action of a county board of education in removing a school committeeman from his office.

Judgment was rendered overruling the demurrer and denying the motion to dismiss, and the defendant appealed, assigning such ruling as error.

*John D. Bellamy & Sons and Robert E. Calder for plaintiff, appellee.*
*E. J. Prevatte, Frink & Herring, and Stevens, Burgwin & Mintz for defendant, appellant.*

Ervin, J.   Although his office is filled by appointment of the county board of education, a school committeeman does not hold at the pleasure of the board, and is not removable at the will or caprice of that body. He holds for a definite term of two years.   G.S. 115-354.   Moreover, he can be removed only for cause in a proceeding conforming to G.S. 115-74.

This statute provides that "in case the county superintendent or any member of the county board of education shall have sufficient evidence at any time that any member of any school committee is not capable of discharging, or is not discharging, the duties of his office, or is guilty of immoral or disreputable conduct, he shall bring the matter to the attention of the county board of education, which shall thoroughly investigate the charges, and shall remove such committeeman and appoint his successor if sufficient evidence shall be produced to warrant his removal and the best interests of the schools demand it."

The law clearly contemplates that any school committeeman against whom the statutory proceeding for removal is brought shall be given notice of the proceeding, and of the charges against him, and afforded an opportunity to be heard and to produce testimony in his defense, and

that the county board of education shall not remove him from his office unless it determines after a full and fair hearing on the merits that one or more of the specified causes for removal has been established by the evidence. This being true, the statutory proceeding for the amotion of a school committeeman is judicial or *quasi*-judicial in character, and for that reason an ousted committeeman is entitled to have the action of the county board of education reviewed in the Superior Court. It is noted, in passing, that the board is required by law to keep minutes of its meetings. G.S. 115-44.

The question arises as to how an ousted school committeeman is to obtain the court review of the action of the county board of education in removing him from office. Although this court refrained from expressing any opinion on the point in *Board of Education v. Anderson,* 200 N.C. 57, 156 S.E. 153, there is nothing in the statutory laws relating to schools and school districts providing that an appeal may be taken to the court from the decision of the county board of education ousting a school committeeman. Besides, these laws do not expressly or impliedly authorize the committeeman to seek a review of such proceeding by an independent action against the board under the provisions of G.S. 115-45.

G.S. 1-269 expressly stipulates that "writs of *certiorari* . . . are authorized as heretofore in use." It is well settled in this jurisdiction that *certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or *quasi*-judicial functions in cases where no appeal is provided by law. *Warren v. Maxwell,* 223 N.C. 604, 27 S.E. 2d 721; *Belk's Department Store, Inc., v. Guilford County,* 222 N.C. 441, 23 S.E. 2d 897; *Drug Co. v. R. R.,* 173 N.C. 87, 91 S.E. 606; *Hillsboro v. Smith,* 110 N.C. 417, 14 S.E. 972; *Thompson v. Floyd,* 47 N.C. 313; *Commissioners v. Kane,* 47 N.C. 288; *Brooks v. Morgan,* 27 N.C. 481; *Collins v. Haughton,* 26 N.C. 420; *Matthews v. Matthews,* 26 N.C. 155; *Dougan v. Arnold,* 15 N.C. 99; *Allen v. Williams,* 2 N.C. 17. Hence, we conclude that the Superior Court, which is the highest court of original jurisdiction in this State, has the power to review by *certiorari* the action of a county board of education in removing a school committeeman from his office.

This decision finds full support in well considered cases in other states holding that when a governmental agency has power to remove a public officer only for cause after a hearing, the ouster proceeding is judicial or *quasi*-judicial in its nature, and may be reviewed by *certiorari.* *McCain v. Collins,* 204 Ark. 521, 164 S.W. 2d 448; *Warren v. McRae,* 165 Ark. 436, 264 S.W. 940; *Hall v. Bledsoe,* 126 Ark. 125, 189 S.W. 1041; *Sweetnam v. Board of Public Com'rs,* 56 Cal. App. 644, 206 P. 102; *Denver v. Darrow,* 13 Colo. 460, 22 P. 784, 16 Am. St. Rep. 215; *State v. Williams,* 149 Fla. 48, 5 So. 2d 269; *Blake v. Lindblom,* 225 Ill.

555, 80 N.E. 252; *Chicago v. Gillen,* 222 Ill. 112, 78 N.E. 13; *Kammann v. Chicago,* 222 Ill. 63, 78 N.E. 16; *Powell v. Bullis,* 221 Ill. 379, 77 N.E. 575; *People v. Allman,* 314 Ill. App. 194, 40 N.E. 2d 812, affirmed in 382 Ill. 156, 46 N.E. 2d 974; *People v. Burdett,* 195 Ill. App. 255; *People v. Bullis,* 124 Ill. App. 7; *Merrick v. Arbela Tp. Bd.,* 41 Mich. 630, 2 N.W. 922; *McGregor v. Gladwin County,* 37 Mich. 388; *State v. Board of Education,* 213 Minn. 550, 7 N.W. 2d 544; *In re Mason,* 147 Minn. 383, 181 N.W. 570; *State v. Eberhart,* 116 Minn. 313, 133 N.W. 857, 39 L.R.A. (N.S.) 788, Ann. Cas. 1913B, 785; *State v. Duluth,* 53 Minn. 238, 55 N.W. 118, 39 Am. St. Rep. 595; *State v. Davidson,* 310 Mo. 397, 276 S.W. 631; *State v. Morehead,* 256 Mo. 683, 165 S.W. 746; *State v. Knott,* 207 Mo. 167, 105 S.W. 1040; *La Bonte v. Berlin,* 85 N.H. 89, 154 A. 89; *Loughran v. Jersey City,* 86 N.J.L. 442, 92 A. 55; *Daily v. Essex County,* 58 N.J.L. 319, 33 A. 739; *State, Fitzgerald, Prosecutor, v. New Brunswick,* 47 N.J.L. 479, 1 A. 496, 54 Am. Rep. 182, affirmed in 48 N.J.L. 457, 8 A. 729; *Bryan v. Town Board of Brighton,* 133 Misc. 315, 232 N.Y.S. 18; *State v. Welford,* 65 N.D. 522, 260 N.W. 593; *State v. Fargo,* 63 N.D. 33, 245 N.W. 887; *State v. Frazier,* 47 N.D. 314, 182 N.W. 545; *Garvin v. McCarthy,* 39 R. I. 365, 97 A. 881; *McCarthy v. Central Falls,* 38 R.I. 385, 95 A. 921; *McKee v. Board of Elections,* 173 Tenn. 276, 116 S.W. 2d 1033, rehearing denied in 173 Tenn. 276, 117 S.W. 2d 755; *Gilbert v. Salt Lake City Bd. of Police,* 11 Utah 378, 40 P. 264; *Browne v. Gear,* 21 Wash. 147, 57 P. 359; *State v. Martin,* 112 W. Va. 174, 163 S.E. 850; *Helmick v. Tucker County Court,* 65 W. Va. 231, 64 S.E. 17; *State v. Goodland,* 159 Wis. 393, 150 N.W. 488; *Loomis v. Dahlem,* 37 Wyo. 498, 263 P. 708.

The verified application alleges facts sufficient to establish the right of the petitioner to have the Superior Court review on *certiorari* the action of the county board of education in ousting him from his office as school committeeman, and contains a general prayer for such remedy as the court shall deem meet and proper. Consequently, its validity as a pleading is not impaired by the fact that the petitioner does not specifically pray that the court issue a writ of *certiorari* commanding the county board of education to certify and return to it the record in the removal proceedings. *City of Nashville v. Mason,* 11 Tenn. App. 344; *Woodstock v. Gallup,* 28 Vt. 587.

The ouster proceeding established by the statute codified as G.S. 155-74 calls to mind words spoken by the Supreme Court of Minnesota in *State v. Board of Education* (213 Minn. 550, 7 N.W. 2d 544), *supra:* "Criticisms have often been made of the phenomenon which permits an administrative body to serve in the triple capacity of complainant, prosecutor, and judge . . . As a result of this combination of roles, its final adjudication often lacks that stamp of impartiality and of disinterested justice

which alone can give it weight and authority. This anomaly in procedure makes it vitally necessary that in reviewing administrative decisions courts zealously examine the record with a view to protecting the fundamental rights of the parties, lest the rule against arbitrariness and oppressiveness become a mere shibboleth. An appeal being denied, a review by *certiorari* or other prerogative writ must not be permitted to degenerate into a mock ceremony. The least that the courts can do is to hold high the torch of 'fair play' which the highest court of our land has made the guiding light to administrative justice. *Morgan v. United States,* 304 U.S. 1, 58 S. Ct. 999, 82 L. Ed. 1129."

For the reasons given, the judgment is

Affirmed.