PATTON ET AL. V. VAUGHAN, JUDGE.

1. COURT: JUDGE: *When the act of the court is the act of the judge.*
   When the law requires a duty to be performed by the judge of a court, and the court consists of a single judge, it suffices if the duty be performed by the court, since the act of the court is necessarily the act of the judge.

2. OFFICERS: *Power to remove.*
   In the absence of constitutional or legislative restriction, where no definite term of office is prescribed by law, the power of removal is incident to the power of appointment; and it is a corollary of this rule that where the appointing power may remove for cause, he is the sole judge of the existence of the cause.

3. SAME: *Removal of: Construction of the statute, etc.*
   Article 7, section 27, of the Constitution of 1874, empowering Circuit Courts to remove county and township officers, upon indictment, etc., and the act of March 9, 1877, to regulate the filling of vacancies in office, relate to the election of township and county officers provided for by the Constitution, and not to appointed officers under mere police regulations.

PETITION for writ of prohibition to Judge of *Pulaski* Circuit Court.

*Compton, Battle & Compton* and *R. C. Newton,* for petitioner:

This controversy arises under act of March 21, 1881. *Acts 1881, p. 116.*

1. Coal oil inspector is not such an "officer" as is contemplated by *section 27, article 7, Constitution of 1874.* (*Sheboygan v. Parker, 3 Wallace, 93; Conith v. Sutherland, 3 Serg. & Rawle, 145; People v. Bennett, 54 Barb. (N. Y.), 480; State v. Kirk, 44 Ind., 401.*) The Constitution, and the act of March 9, 1877, apply to *elective,* and not such inferior ministerial officers, so-called, as might be found necessary for the due execution of police powers.

2.   The act *fixes no term of office*, confers the power of appointment on the County Judge, and gives no power of removal to any other officer or tribunal.   The County Judge has the power of removal for the *causes* mentioned, and his action is absolute, final and conclusive.   *Ex parte Hennen, 13 Peters, 230 ; People v. Stout, 11 Ab. Pr. (N.Y.), 17; S. C., 19 How. Pr., 171; 3 Serg. & R., 145; State ex rel. v. McGary, 21 Wis., 496; Kernan v. Perry, 24 Texas, 253; and 37 ib., 125 ; State v. Doherty, 25 La. Ann., 119 ; People v. Hill, 7 Cal., 97.*

3.   It does not fall within the supervisory power of Circuit Courts to attempt to inquire into or control the action of a County Judge in the premises.   *High. Ex. Leg. Rem., secs. 762–8, 781, et seq. ; McMeechin, ex parte, 7 Eng. 73 ; Wheeler v. Whytock, MS. op. Record Book of Opinions, D., No. 2, p. 291: Baxter v. Brooks, 29 Ark., 173 ; Const. Ark., art. 7, sec. 4.*

*W. L. Terry* and *James Coates*, for respondent:

Prohibition not appropriate.   (*High. Ex. Leg. Rem., sec. 771–2; Ex parte Peterson, 33 Ala., 76.*)   Does not lie to a court having cognizance of the cause, or jurisdiction of the subject on a suggestion of erroneous proceedings.   (*4 Ark., 539; 5 ib., 21; 33 ib., 192.*)   The remedy is by appeal. *4 Ark., 539 ; State v. Judge, 11 La. Ann. 696 ; People v. Wayne, 11 Mich., 404.*

Circuit Court has  power to issue *certiorari* to County Courts (*sec. 14, art. 7, Con. 1874, sec. 1196, Gantt's Digest*), and the power to pass upon its own jurisdiction. (*Borden v. State, 11 Ark., 544.*)   The power to remove any county officer is vested in the Circuit Court upon indictment.   (*Sec. 27, art. 7, Const.; Act of March 9, 1877, p. 64 ; 32 Ark., 241.*)   An inspector of oils is an officer (*U. S. v. Hartwell, 6 Wall., 393 ; Bradford v. Justice, 33 Ga., 331*),

and can only be removed for cause. (*Sec. 1, act of 1881, p. 118.*) The ascertainment of that cause is a judicial function. (*State v. Pritchard, 36 N. J. L., 101; Page v. Hardin, 8 B. Mon., 69; State v. Wiltz, 11 La. Ann., 439; Cotton v. Ellis, 7 Jones N. C. L., 545.*)

The power to remove "for cause" can only be exercised for just cause after opportunity for defense. (*Haight v. Love, 39 N. J. L., 14; Feilds v. Com'th, 32 Penn. St., 478; Dillon on Corp., secs. 188, 191-2-3; Grant on Corp., 244; Com'th v. Slifer, 1 Cases Pa., 28.*) The order of removal was void for want of notice. Sec. 4738 Gantt's Digest.

Where an office is created and its term and grounds of removal fixed, the officer can not be removed for other causes, and in any other mode. *Lowe v. Com'th, 3 Metc. (Ky.), 237; Bruce v. Fox, 1 Dana (Ky.), 447; Williams v. Bowman, 3 Head. (Tenn.), 678.*

The power of removal is incident to the power of appointment, only where the tenure is not fixed by law, and where the office is held at the pleasure of the appointing power. (*State v. Pritchard, 36 N. J. L., 101; Ewing v. Thompson, 43 Pa. St., 375; Dubue v. Voss, 19 La., 210; Marbury v. Madison, 1 Cranch, 50; Collins v. Tracy, 36 Tex., 546.*) No right of removal where the tenure is during good behavior. *Leeman v. Sutherland, 3 S. & R. Pa., 145.*

Where a power is given to appoint, and been exercised, any subsequent appointment is void unless the prior incumbent has been removed. *Thomas v. Burrus, 23 Miss., 550; People v. Woodruff, 32 N. Y., 355; 29 How. Pr., 203.*

SMITH, J. Under authority of the act of March 21, 1881, the County Judge of Pulaski County appointed William L. Cook inspector of illuminating oils in said county. The succeeding County Judge removed Cook, and appointed Moses Reed in his place. He caused a memorial of his

action in the premises to be entered on the County Court record, specifying that the cause of removal was Cook's incompetency properly to discharge the duties of the office. Cook then applied to the Circuit Court to quash the order of removal, alleging that he had no notice of the intended proceeding, and that the County Court had no power to remove him. After a demurrer to Cook's petition and a plea to the jurisdiction had been overruled, the Circuit Court ordered the writ of *certiorari* to issue.

We are now asked to prohibit the Circuit Judge from taking cognizance of the matter.

The statute authorizes the County Judge to make the appointment, and the incumbent is to hold until removed for misconduct, negligence, or incompetency. It does not provide who shall have the power of removal, nor in what manner the causes of such removal are to be ascertained.

No point is made here that the removal was the act of the court, and not of the judge as an individual. When the law requires a duty to be performed by the judge of a court, and the court consists of a single judge, it suffices if the duty be performed by the court, since the act of the court is necessarily the act of the judge. (*Boone v. Bowers, 30 Miss., 246.*) It was not necessary that any record of the removal from office should have been made. Still, there was no impropriety in making it a matter of record.

Has the Circuit Court any control over the appointment or removal of an inspector of oils? Jurisdiction is the power to hear and determine the subject-matter in controversy. If the action of the County Judge in removing Cook is final, and not the subject of review by any other tribunal, the writ of prohibition ought to issue.

It is a rule, universal in the United States, so far as we know, that, in the absence of constitutional or legislative restrictions, where no definite term of office is prescribed

Patton et al. v. Vaughan, Judge.

by law, the power of removal is incident to the power of appointment. This has always been the law and the custom of the President and heads of departments under our Federal Government, with reference to the numerous.offices at their disposal. So in regard to the tenure of a clerk of the United States District Court, holding by appointment of the judge. (*Ex parte Hennen, 13 Peters, 230.*) See, also, *Newsome v. Cocke, 44 Miss., 352,* for an application of the rule.

The only constitutional or statutory provisions to which we have been referred as bearing on this subject, are *section 27 of article 7, Constitution of 1874,* vesting jurisdiction in the Circuit Courts to remove county and township officers upon indictment or information, and the act of March 9, 1877, to regulate the filling of vacancies in office. But these obviously relate to the elective county and township officers created by the Constitution itself. The act we are considering is a mere police regulation, designed to protect the lives and property of the public from the sale and use of dangerous illuminating fluids.

It was insisted that the misconduct, neglect of duty, or incompetency, for which the inspector might be removed, was a judicial question, and that the former incumbent was entitled to notice and to a trial, upon specific charges. But it is a corollary of the preceding rule, that where the appointing power may remove for cause, he is the sole judge of the existence of the cause. *The State v. Doherty, 25 La. Ann., 119.*

While the statute is not entirely free from ambiguity,we think it does not fall within the supervisory jurisdiction of the Circuit Court over inferior tribunals to inquire into the action of the County Judge in this particular.

Let the writ of prohibition go.