MITCHELL *v.* WRIGHT HILL SPECIAL SCHOOL DISTRICT.

Opinion delivered January 28, 1924.

1. SCHOOLS AND SCHOOL DISTRICTS—REVIEW OF ACTION OF COUNTY BOARD OF EDUCATION.—Since the action of the county board of education in respect to changing the boundary lines of school districts are *quasi* judicial, and no remedy for review by appeal is provided by statute, certiorari is the proper remedy.

2. SCHOOLS AND SCHOOL DISTRICTS—CERTIORARI—TIME FOR APPLICATION.—In the absence of excuse for delay, a petition for certiorari to quash an order of the county board of education directing an election to determine whether certain territory should be created into a special school district, filed nearly twelve months after the order creating the district and six months after an ineffective appeal, was too late.

3. CERTIORARI—DISCRETION OF COURT.—Certiorari, especially where used to review acts and decisions of special boards created by statute, issues only in the discretion of the court upon special cause shown.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

STATEMENT OF FACTS.

This was a petition to the circuit court for a writ of certiorari to quash an order of the county board of education directing an election to be held for the purpose of submitting to the qualified electors the question of whether certain territory should be created into a special school district.

According to the allegations of the petition, appellants, who were the petitioners, are qualified electors and patrons of the public school in Common School District No. 3 of White County, Arkansas.

Appellees, who were respondents to the petition, are directors of Wright Hill Special School District No. 3 of White County, Arkansas, and said special school district is also made a defendant or respondent to the petition.

On April 1, 1922, a petition was filed and presented to the county board of education by ,W. F. Ray and twenty others, representing themselves to be legal voters of certain territory described in the petition, and said county board of education was requested to call a special election in said territory for the purpose of submitting to the electors the question of whether said territory should be created into a special school district. The county board of education on the same day issued its order calling a special election to be held at the Wright Hill Special School District, for the purpose named in the petition, on April 29, 1922. Notices of the election were duly posted on April 23, 1922. On June 5, 1922, B. F. Mitchell and forty other qualified electors of said Common School District No. 3 filed a remonstrance with the county board of education against the creation of Wright Hill Special School District No. 3.

A demurrer was filed to said remonstrance, and it was dismissed by the county board of education without hearing any proof on the allegations thereof. On June 13, 1922, the county board of education made and entered of record an order creating Wright Hill Special School District No. 3, embracing the territory described in the petition of the original petitioners, and declaring that said order was made upon the returns of said election held on April 29, 1922.

The county board of education, in calling said special election, acted upon the face of the original petition and without proof of the facts therein set forth. The original petition calling for the creation of said special school district does not contain the names of twenty qualified electors in said district. The above contains a recital of the allegations of the petition for the writ of certiorari filed in this case. It also appears that the

order of the county board of education recites that the board found that the original petition was signed by not less than twenty electors of the territory, and that there was filed with said petition a map showing the amount of territory to be embraced in the proposed district and a written description of the boundaries of the same.

It was therefore ordered that the special election should be held on the 29th day of April, 1922. The order also recites that due notice was given of the time and place of holding the election, and that the election was held as required by law.

The order further recites that nineteen votes "for the law" were cast at the special election held on the 29th day of April, 1922, and that none were cast against it. The order also contains a description of the boundaries to be designated as Wright Hill Special School District No. 3 of White County, Arkansas, and recites that it shall be entitled to all rights pertaining to rural special school districts under the laws of the State of Arkansas.

The order creating the district further recites that the remonstrance against the creation of said district was dismissed.

An appeal was taken from the order of the board of education to the circuit court. On January 19, 1923, the circuit court dismissed the appeal. On June 9, 1923, appellants, who were the remonstrants in the circuit court, filed their petition for a writ of certiorari, as above stated. On August 3, 1923, the cause came on for final hearing in the circuit court, and it was adjudged that the writ of certiorari should be dismissed.

The case is here on appeal.

*Culbert L. Pearce,* for appellants.

1. The petition does not contain the names of twenty qualified electors of the territory, and the board therefore did not acquire jurisdiction. C. & M. Digest, §§ 8827-8842. Section 8823 is mandatory in its provisions. 116 Ark. 417; 106 Ark. 306.

2. The returns of the election should have been delivered to the county clerk, as custodian, pending the canvass of the returns. C. & M. Digest, § 8833. That was never done, and for that reason alone the results of the election were vitiated.

3. In sustaining the demurrer interposed by the respondents to the testimony, the court erred in applying the law, and judgment should be entered here for the appellants. 99 S. E. 686, 5 A. L. R. 346; 26 R. C. L. 1060, 1061, 1062; *Id.* 1064; 2 R. C. L., Appeal and Error, 281; 4 L. R. A. 801; 113 Md. 603; 140 A. S. R. 445; 6 Am. & Eng. Encl. Pl. & Pr., 438-439.

*John E. Miller,* for appellees.

1. The petition for certiorari was filed nearly twelve months after the order creating the district was entered by the county board of education, and nearly six months after the dismissal of the appeal by the circuit court.

2. The county board of education had no authority to act upon the petition of appellants for the creation of the common school district, after an election had been ordered and held upon a petition asking that the same territory be formed into a special school district. 121 Ark. 581; 139 Ark. 1.

3. The finding by the county board of education that the petition contained the signatures of twenty qualified electors of the territory affected, was incorporated in the order made on June 13, 1922, and is in accordance with the testimony. In a proceeding by certiorari to review the proceedings, the hearing thereon is not a trial *de novo.* 126 Ark. 125; 153 Ark. 188.

4. The statute, C. & M. Digest, § 8833, providing that the returns of the election shall be filed with the county clerk, was enacted prior to the passage of act 234, Acts of 1919, creating the county board of education, and should be read in connection with the latter act. In any case, it is admitted that no fraud was committed and that the returns of the election were not changed in any way. Hence appellant's objection in this respect are without merit. 43 Ark. 66; 92 Ark. 70; 25 R. C. L. 772, § 9.

HART, J., (after stating the facts). It is conceded by counsel for appellants that the order of the circuit court dismissing their appeal was correct, under the ruling in *Mitchell* v. *Directors of School District No. 13,* 153 Ark. 50. In that case it was held that the acts of the county board of education in respect to changing the boundary lines of school districts are *quasi*-judicial, and that certiorari is the proper remedy to review such proceedings. The reason is that no appeal from the order of the board of education is given by statute. The order of the circuit court dismissing the appeal was made on January 19, 1923.

The petition for a writ of certiorari was not filed until the 9th of June, 1923. This was nearly twelve months after the order creating the special school district was made by the board of education. No excuse was offered for the delay. The creation of the special school district vitally affected the common school system, and those desiring to contest the legality of the formation of the district should have applied as soon as practicable to the circuit court to quash the order of the county board of education forming the special school district.

It is true that appellants first appealed to the circuit court, but the circuit court decided that appeal was not the proper remedy, and on the 19th day of January, 1923, dismissed their appeal. They make no excuse whatever for waiting until June before filing a petition for a writ of certiorari. Hence the circuit court properly exercised its discretion by dismissing the petition for writ of certiorari.

This holding is in accordance with the rule established in *Johnson* v. *West,* 89 Ark. 604, and several other later decisions of this court. In the case of *Johnson* v. *West, supra,* a writ of certiorari to quash proceedings in the county court for laying out a new public road was asked upon the ground that the record failed to show that ten freeholders of the county petitioned for the road. The applicant waited nearly a year before applying for the writ, and this court held that the writ of certiorari

should be denied. That case is peculiarly applicable here. It is not contended that the twenty persons who signed the original petition for the establishment of the special school district were not residents of the proposed district, but it is alleged that some of the petitioners were not qualified to sign the petition because they had not paid their poll taxes for that year, and therefore were not qualified electors in the sense that they were eligible to sign the petition asking for the special election.

So it will be seen that the writ of certiorari, especially in those cases where it is used for the purpose of reviewing the acts and decisions of special boards created by statute, does not issue as a matter of right, but only in the discretion of the court upon special cause shown. The reason is that bodies like county boards of education exercise powers in which the people at large are concerned, and great public inconvenience might result from interfering with their proceedings, unless such action is taken as soon as practicable.

It follows that the circuit court properly quashed the writ of certiorari and dismissed the petition therefor.

The judgment of the circuit court will therefore be affirmed.