WARREN *v.* McRAE.

Opinion delivered September 29, 1924.

1. OFFICERS—ELECTION COMMISSIONERS.—County election commissioners are public officers, with definite term, duties and emoluments prescribed by the statutes.

2. ELECTIONS—REMOVAL OF COUNTY COMMISSIONERS.—The position of county election commissioners being a public office with a fixed term, and there being no power of removal conferred by statute, the State Board of Election Commissioners had no authority to remove county election commissioners after their appointment and qualification.

3. CERTIORARI—REVIEW OF ACTS OF STATE ELECTION BOARD.—Where the State Board of Election Commissioners, without authority,

attempted to remove a county board of election commissioners, their act, being *quasi*-judicial, may be quashed on certiorari.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; reversed.

*J. C. Marshall,* for appellants.

The lower court did not dispute the proposition that a removal from an office like this is a judicial act, but said that the only way the board could remove was by a new appointment, and that an appointment being a ministerial act, the removal was also. This position is erroneous, first, because the complaint alleges a positive order of removal, which the demurrer necessarily admits; second, if the appointment is relied on as a removal, it is as much a removal as one made by positive order; and third, the board has no power to remove. The removal of these appellants being a judicial act, it becomes a question of law, reviewable on certiorari. 126 Ark. 125; 11 C. J. 108. And the order of removal may be quashed for want of jurisdiction on the part of the State Board of Election Commissioners to make such order. 61 Ark. 605; 165 S. W. 746; 109 Ark. 100; 86 Ark. 555. The claim that, because the State board appointed the county board, the latter held at the will of the former, and were, and are, removable at pleasure, etc., overlooks the fact that the county election commissioners are regular officers of the county; that they have judicial powers such as fixing precinct boundaries, removing election judges, etc; that it is an office of honor, with fixed term, duties imposed, and some emoluments. All these are characteristics of an office, as has frequently been held by this court. 134 Ark. 514, and cases cited. The decision in *Bruce* v. *Matlock,* 86 Ark. 555, is controlling here on the question of removal, for, while the statute, C. & M. Digest, § 3711, does not in words state that the appointment shall be made biennially, it is impossible to escape the conclusion that this statute limits the appointment of county boards to the time stated, and creates an office for two years. A vacancy is never created by appointment of a successor except

where there is no term attached to the office. 21 L. R. A., 545. There is no vacancy if there be an incumbent, even a *de facto* incumbent. *Id;* 72 Ark. 99. A judgment void on its face may be quashed on certiorari. 82 Ark. 330, and cases cited. The remedy suggested by the appellees as the proper course to pursue in lieu of certiorari, an action for usurpation of office, would not lie. It could not be brought by the Attorney General, because he is a party to the suit, and a suit by the plaintiffs themselves would not lie because, even if the new appointees had taken over the office, it would be under color of title, and not usurpation. 133 Ark. 516. That action would not lie also because the new board allowed its rights or claims to lapse by failing to take the oath of office within the time prescribed by the statute, C. & M. Digest, § 3712, which provides that the county board shall meet and organize at least twenty days before the election. 42 Ark. 93.

*J. S. Utley,* Attorney General, and *Emerson & Donham,* for appellees.

The statute, C. M. Digest, § 2237, does not enlarge the scope of the writ of certiorari at common law, and under it certiorari is limited to the review of judicial or *quasi*-judicial proceedings. 62 Ark. 196. It is the office of certiorari to quash irregular proceedings, but only for errors apparent on the record. It will not go beyond the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding upon facts. 20 Ark. 523. The action of the appellees in appointing new commissioners to succeed appellants, was a ministerial act, and not judicial or *quasi*-judicial. Nothing in the statute, C. & M. Dig. § 3712, indicates the length of time the commissioners should hold, and it was apparently the intention of the Legislature to leave that optional with the State Board of Election Commissioners. There is no provision anywhere for removal for misconduct in office, or hearing upon a removal, before any board or body. The action of the appellees in appointing successors to the appellants, being solely a ministerial act and not judicial or *quasi*-judicial, their action is not re-

viewable on certiorari. 2 Ark. 494; 70 Ark. 568; 109 Ark. 100. In the case of *Hall* v. *Bledsoe,* 126 Ark. 125, the board acted as a tribunal, pursuant to charges preferred in accordance with the statute, and their action was therefore *quasi*-judicial; but in this case there was no hearing, and no authority upon which a hearing could have been based, so that this board could have acted in a *quasi*-judicial capacity. 152 N. Y. Supp. 113; 11 C. J. 1108; 5 R. C. L. 263; 37 Atl. 725; 42 Atl. 837; 157 Ark. 186. The statute in providing that the State board shall appoint county boards of election commissioners not more than ninety, nor less than thirty, days before the general election, is not mandatory, as is contended by appellants. It clearly provides that the commissioners shall hold office until their successors are appointed and qualified. It nowhere intimates that an election will be invalid, or that an appointment within thirty days before the election shall be invalid, because the statute is not strictly complied with. Statutes regulating the manner of conducting elections are directory, unless a non-compliance is declared fatal. 43 Ark. 63; *Id.* 257; 30 Ark. 31; 34 Ark. 491; 42 Ark. 46; 159 Ark. 199.

McCULLOCH, C. J. Appellants instituted this proceeding in the circuit court of Pulaski County by filing a petition praying for a writ of certiorari, directed to the State Board of Election Commissioners, to quash an order made by that board attempting to remove appellants as members of the board of election commissioners for St. Francis County. The members of the State Board of Election Commissioners appeared in court and filed a demurrer to the complaint of appellants, which the court sustained, and a final judgment was rendered dismissing the complaint, from which an appeal has been prosecuted to this court.

It appears from the allegations of the complaint—which must be accepted as true in testing the sufficiency of the complaint on demurrer—that, within the time prescribed by law (not more than ninety days, and not less than thirty days prior to the regular biennial election to

be held on the 7th day of October, 1924), the State Board of Election Commissioners, composed of the Governor, Secretary of State and the Attorney General, held the regular biennial meeting for the appointment of county election commissioners, and, at that meeting, appellants were appointed as the election commissioners of St. Francis County. iWritten evidence of the appointments, in the form of notices required by statute (Crawford & Moses' Digest, § 3711), was delivered to appellants, and a certificate of their appointments was forwarded to the clerk of that county. Appellants appeared before the clerk of the county and took the oath of office, and proceeded to organize the board by electing one of their number as chairman and another as clerk. The commissioners also, according to the allegations of the complaint, proceeded to the discharge of their duties by the appointment of election officers, judges and clerks, to hold the election at the approaching biennial election. The State Board of Election Commissioners held another meeting on September 13, 1924, and, without charges or proof, made an order purporting to remove appellants as commissioners and attempted to appoint three other persons as election commissioners for St. Francis County.

The question presented on this appeal is therefore whether or not the State Board of Election Commissioners was authorized, under the statute, to remove county election commissioners.

The first question presented, and the point upon which the decision of the case really turns, is whether or not the position of county election commissioner is a public office, and, upon consideration of the legal tests prescribed in various decisions of this court and by textwriters for the determination of the question whether a public functionary is an employee or an officer, we have reached the conclusion that county election commissioners are public officers. *Vincenheller* v. *Reagan*, 69 Ark. 460; *Lucas* v. *Futrall*, 84 Ark. 540; *Bruce* v. *Matlock*, 86 Ark. 555; *Middleton* v. *Miller County*, 134 Ark. 514; *McClendon* v. *Board of Health*, 141 Ark. 114.

In the case of *Lucas* v. *Futrall, supra,* we approved the test laid down by the Supreme Court of the United States, which details the elements of an office as distinguished from mere employment, depending on the question of "tenure, duration, emoluments, and duties" of the position as fixed by the law creating it. *United States* v. *Hartwell,* 6 Wall. 385. Applying this test, it is clear that the position of county election commissioners is a public office, for the tenure of office and the duties and emoluments thereof are fixed by statute, which provides in substance that, at a meeting of the State Board of Election Commissioners, held not more than ninety days nor less than thirty days before any general election for State and county officers, the said board shall "appoint three qualified electors as commissioners in each county to select election judges for each voting precinct," and perform the other duties prescribed by law; that the appointment of county commissioners "shall be in writing, under the hands of the State Board, and the said board shall immediately mail to each county commissioner, at the county seat, a notice of his appointment, and, in addition thereto, shall mail to the clerk of the circuit court in such county a certificate of the appointment of such commissioners." Crawford & Moses' Digest, § 3711. It is also provided by the statute that county commissioners "shall hold office until their successors are appointed and qualified," and that the commissioners shall meet at the courthouse at least twenty days prior to the general election and take the oath of office prescribed by the Constitution, and organize themselves into a board by electing one member chairman and another clerk. Section 3714 of the Digest provides that any vacancy in the county board of commissioners shall be filled by appointment by the State Board of Commissioners. The statute also imposes certain other duties upon the county election commissioners with respect to holding elections and canvassing the vote, and the statute also fixes the compensation of the commissioners on a *per diem* basis.

It is contended by counsel for appellees that there is no definite term of office fixed by the statute, but we are of the opinion that this contention is unfounded. It is true the statute does not in so many words specify the term of office of county election commissioners, but the effect of the statute is to prescribe the duration of the term, for it specifies that appointments shall be made biennially, not more than ninety days nor less than thirty days prior to the election. Our decision in *Bruce* v. *Matlock, supra,* is, we think, decisive of the question. There was involved in that case the question whether or not membership on the board of trustees for the charitable institutions of the State was a public office, and whether or not the Governor, who appointed the members, had the power to remove them. The statute authorizing the appointment of the trustees did not in so many words prescribe the duration of the term, but merely specified that the Governor should "biennially" appoint the board. We held that the use of that word necessarily implied a term of office of two years. We held that the position constituted a public office, with durative term, duties and emoluments specified, and that the Governor had no power of removal.

The position of county election commissioner being a public office with a fixed term, and there being no power of removal conferred by statute, it follows from our decision in *Bruce* v. *Matlock, supra,* that the State Board of Election Commissioners has no authority to remove election commissioners after their appointment and qualification. There are other decisions of this court to the effect that, where the duration of an office is prescribed by law, the appointing power has no authority to remove at pleasure an incumbent of the office. *Patton* v. *Vaughan,* 39 Ark. 211; *Lucas* v. *Futrall, supra.*

The order of the State Board of Election Commissioners attempting to remove appellants from office was void. It is contended, however, that certiorari is not the appropriate remedy to review the acts of the board. The decision in *Hall* v. *Bledsoe,* 126 Ark. 125, is conclusive of

that question. The void act of the State Board of Election Commissioners was a *quasi*-judicial one, and we held that, under the statute, certiorari was the proper remedy. It is true in that case there was a special statute authorizing that remedy, but the result would have been the same under general statutes. *Pine Bluff Water & Light Co.* v. *Pine Bluff,* 62 Ark. 196; *State* v. *Railroad Commission,* 109 Ark. 100. Other decisions of this court bearing directly upon the question are: *Mitchell* v. *Directors School Dist. No. 13,* 153 Ark. 50; *Acree* v. *Patterson,* 153 Ark. 188; *Mitchell* v. *School Dist.,* 162 Ark. 277; *Clardy* v. *Winn,* 163 Ark. 320.

The order of the State Board of Election Commissioners being void, the circuit court should have granted the writ of certiorari for the purpose of quashing the same, and it erred in sustaining the demurrer to the complaint.

The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.