Beasley *v.* Parnell.

Opinion delivered July 9, 1928.

*Martin Fulk* and *Cockrill & Armistead,* for appellant.

*H. W. Applegate,* Attorney General, *George R. Steel,* Assistant, and *W. R. Donham,* for appellee.

HART, C. J., (after stating the facts). · The office of Commissioner of Revenues was created by act 88 of the Acts of 1925, as amended by acts 79 and 115 of the Acts of 1927. Act 88 of the Acts of 1925 abolished the office of Insurance Commissioner and State Fire Marshal and created the office of Commissioner of Insurance and Revenues, and prescribed his duties and powers. Acts of 1925, page 260. Inasmuch as the correctness of the decision of the circuit court in the main depends upon the construction to be placed upon § 5 of the act, we copy it in full. It is as follows:

'' Section 5. The Governor, by and with the consent of the Senate, shall appoint a Commissioner of Insurance and Revenues, who shall be a citizen of this State, of well-known business ability, at least thirty years of age, who shall hold office for a term of four years, or until his successor shall be appointed by the Governor. If the Senate be not in session when such appointment is made, the appointee shall qualify and hold office until his appointment be rejected by the Senate when it next convenes. Said Commissioner of Insurance and Revenues shall receive a salary of $4,000 a year, to be paid

914

as other salaries are paid, and he shall devote his whole time to the duties of the office. Whenever there shall be a vacancy in the office of Commissioner of Insurance and Revenues, the Governor shall fill such vacancy by appointment. The Commissioner of Insurance and Revenues, his deputies and assistants, shall take, subscribe and file in the office of Secretary of State the constitutional oath of office, within five days from the time of the notice of their appointment.''

Section 6 provides that the Commissioner is empowered, with the approval of the Governor, to appoint two deputies and three stenographers, each of whom shall receive a salary as designated in the section.

Section 2 of the act says that, for and during the period of thirty years from the time this act goes into effect, there is created and established the office of Commissioner of Insurance and Revenues. In this connection it may be stated that the Legislature of 1927 passed an act to create the Department of Insurance Commissioner and State Fire Marshal, and to define his duties. This office is created for a period of thirty years, and the act provides that the Governor, by and with the consent of the Senate, shall appoint an Insurance Commissioner and State Fire Marshal, who shall hold office for a term of six years and receive the annual salary provided for in the act. This act also provides that the Commissioner is empowered, with the approval of the Governor, to appoint certain assistants, with a stipulated salary.

It is a rule of universal application that, where an office is filled by appointment and a definite term of office is not fixed by a constitutional or statutory provision, the office is held at the pleasure of the appointing power, and the incumbent may be removed at any time. But the power of removal is not incident to the power of appointment where the extent of the term of office is fixed by Constitution or statute. *Patton* v. *Vaughan,* 39 Ark. 211; *Ex parte Henne,* 13 Peters (U. S.) 230; and *Lake* v *United States,* 103 U. S. 227.

No power of removal is expressly provided for in the statute under consideration, and this makes it necessary for us to decide whether the incumbent had a fixed term of office or not. The circuit court properly held that there are two methods of establishing a fixed term of office: One is where the statute provides that the appointed officer should hold for a given number of years and until his successor shall be appointed and qualified, and that the other is where a fixed period of time is provided in the statute when the appointment shall be made.

In the first case, where a statute provides that the appointed officer shall hold office for a definite period of years and until his successor is appointed, the word "and" must be given its ordinary meaning and be construed conjunctively. The period of years fixed by the statute and the phrase "and until his successor is appointed" form but one contingency, and both events must take place before the incumbent can be removed, in the absence of a statute providing for his removal.

Counsel for appellant claim that the language of the statute brings the case squarely within the rule announced in *Bruce* v. *Matlock,* 86 Ark. 554, 111 S. W. 990, and *Warren* v. *McRae,* 165 Ark. 436, 264 S. W. 940. We do not agree with counsel in this contention.

In *Bruce* v. *Matlock,* 86 Ark. 554, 111 S. W. 990, it was held that the Governor of the State did not have the power to remove a member of the board of trustees of the State charitable institutions. The decision was based upon the construction of the statute creating the board of trustees for the State charitable institutions and the application of the principle that, where a fixed period of time is provided, in the statute for the appointment to be made, this is exclusive and prohibitory of any other mode of appointment, and creates a fixed term of office. In that case the statute provided that the Governor shall biennially appoint one board of trustees for the School for the Blind, the Deaf Mute Institute, and Insane Asylum, to be composed of six members, one from

each congressional district, who shall have charge of said institutions and discharge all duties now required by law. In discussing the question, the court said:

"The word 'biennial' means once in two years. We do not say that the use of the word under all circumstances necessarily imposes a limitation upon the space of time which must intervene. It may, under some circumstances, be held to mean that the thing in question shall occur as often as once in two years. But we think that the use of the word in this instance clearly carries with it the meaning that a term of two years is fixed, and that appointments to membership on the board shall be made every two years, conformably to the expiration of the term. The fixing of a time for making appointments necessarily implies a fixed tenure for the appointee, for, if the executive can remove him and appoint another at will, the command to appoint biennially is superfluous."

The case of *Bryan* v. *Patrick*, 124 N. C. 651, was cited in support of the holding. In that case the court said: "It appears to this court that 'to be appointed biennially' *ex vi termini* implies a two-years' term of office."

That this was the idea had by this court in deciding the case is clearly shown by the subsequent case of *Warren* v. *McRae*, 165 Ark. 436, 264 S. W. 940. In that case the court held that the position of county election commissioner, being a public office with a fixed term, and there being no power of removal conferred by statute, the State Board of Election Commissioners had no power to remove county election commissioners after their appointment and qualification. In that case the statute provided for the appointment of county election commissioners by a board of State officers, and it specified that appointments should be made biennially, not more than ninety days nor less than thirty days prior to the election. The court held that the language of the statute provided for a fixed term of office, and based its holding on *Bruce* v. *Matlock, supra*. Chief Justice McCulloch, who delivered the opinion of the court in both cases, said:

"Our decision in *Bruce* v. *Matlock, supra,* is, we think, decisive of the question. There was involved in that case the question whether or not membership on the board of trustees for the charitable institutions of the State was a public office, and whether or not the Governor, who appointed the members, had the power to remove them. The statute authorizing the appointment of the trustees did not, in so many words, prescribe the duration of the term, but merely specified that the Governor should 'biennially' appoint the board. We held that the use of that word necessarily implied a term of office of two years. We held that the position constituted a public office, with durative term, duties and emoluments specified, and that the Governor had no power of removal."

This shows that the court based its holding in each case upon the fact that the time of appointment, having been specifically named, indicated that it was exclusive, and that the appointment could be made at no other time than that provided in the statute. Hence the language used by the Legislature clearly showed that it meant that the appointment should not be made except during the prescribed time, and, that being so, the term of office became fixed when the appointment was made.

Such is not the case in the statute under consideration. It provides for the commissioner to be appointed, who shall hold office for a term of four years, or until his successor shall be appointed by the Governor. But it is insisted that the word "or" should be construed to mean "and," in order to effectuate the intent of the Legislature. Counsel invoke the well-known rule that "or" may be construed to mean "and," or *vice versa,* in order to harmonize the provisions of a statute or to carry out the manifest intent of the Legislature. The court would not be justified in making the proposed substitution unless the whole context of the statute requires, plainly and beyond question, that it be done in order to give effect to the intention of the Legislature. The reason is that, where words have a settled legal meaning,

it is dangerous to conjecture that they were used in other than their legal signification. *Travers* v. *Reinhardt,* 205 U. S. 423, 27 S. Ct. 563, and *Brown* v. *Rushing,* 70 Ark. 111, 66 S. W. 442.

In its ordinary sense the word "or" is a disjunctive particle that marks an alternative, generally corresponding to "either," as "either this or that"; it is a connective that marks an alternative. 29 Cyc. 1502.

The substitution of "and" for "or" is not necessary in order to harmonize the provisions of the statute, and there is nothing in the context to indicate that such substitution was in the minds of the members of the Legislature. We think that the Legislature used the disjunctive conjunction "or" in its ordinary and generally accepted sense. It established the alternative, and gave the Governor the power of allowing the incumbent to remain in office for the full period of time prescribed by the statute, or of removing him before that time had expired.

The circuit judge gave an additional reason, which is entitled to some weight, why the disjunctive "or," as used in the statute, should not be held equivalent in meaning to the copulative conjunction "and." He said that it was clear that the word "or" was used in a disjunctive and not in a copulative sense because the act provided that the office should exist and the act be in force for a period of thirty years. He pointed out that, if a four-years' term had been contemplated, the duration of the office provided for in the act would have been in some multiple of four, as was done when the office of Insurance Commissioner and State Fire Marshal was created. In that act the duration of the office of Insurance Commissioner and State Fire Marshal was established for a period of thirty years and the terms of office fixed at six years, making five equal terms.

Again, the circuit judge properly pointed out that some effect should be given to the provisions of the act that no employees could be appointed except by and with the consent of the Governor.

Finally, it is suggested that, as the act provides that the Governor, by and with the consent of the Senate, shall appoint the Commissioner of Insurance and Revenues, the chief executive alone is not the appointing power, and that the Commissioner could only be removed by the joint action of the Governor and the Senate. We do not think this position is tenable when the language used is considered with the context of the act. In the same sentence there is a provision that the incumbent shall hold office for a term of four years, or until his successor shall be appointed by the Governor. Continuing, the section provides that, if the Senate be not in session when the appointment is made, the appointee shall qualify and hold office until his appointment be rejected by the Senate when it next convenes. Hence we are of the opinion that it was contemplated by the Legislature that a vacancy might occur by the death, resignation or removal of the incumbent by the Governor; and it was the intention of the Legislature that the Governor could fill such vacancy and that the appointee would hold office until the next session of the Legislature.

The Governor is the chief executive of the State, and the Legislature has made him responsible for the conduct of this office. This is done by giving him the power to remove an incumbent and by requiring the incumbent to select his employees and assistants with the approval of the Governor. Section 5 expressly provides that, whenever there shall be a vacancy in the office of the Commissioner of Insurance and Revenues, the Governor shall fill such vacancy by appointment.

If the word "or" be given its ordinary meaning as a disjunctive particle, in the phrase, "who shall hold office for a term of four years, or until his successor shall be appointed by the Governor," this gives the Governor the power to remove the Commissioner, and to appoint a successor in his place.

It follows that the judgment of the circuit court must be affirmed.

KIRBY, J., dissents.