**Moma Louise ARMSTRONG, et al., Plaintiffs,**

v.

**Faye SIMS, et al., Defendants.**

**No. LR–C–88–9.**

United States District Court, E.D. Arkansas, W.D.

Jan. 17, 1989.

William R. Wilson, Jr. and Stephen Engstrom, Wilson Law Firm, Little Rock, Ark., and Don Eilbott, Pine Bluff, Ark., for plaintiffs.

Robert E. Irwin, Russellville, Ark., Kay J. Jackson Demailly, Asst. Atty. Gen., Donald R. Bennett, Little Rock, Ark., M. Watson Villines, II, Conway, Ark., and William R. Bullock, Russellville, Ark., for defendants.

## ORDER

GEORGE HOWARD, Jr., District Judge.

Pending before the Court is the motion of Jim Garrett, Janelle Bartlett, Clyde Ruff, Othello Gordan, Garland G. Jackson, Sharon Quinn, Melvin Crowder, Doris Crowder, James H. Gist, Euna Faye Jackson, and Louis Charton (hereinafter "dismissed defendants") to set aside the settlement order and for reinstatement as party defendants. A brief review of the history of this case is necessary for an understanding of the motion.

Plaintiffs, who are proponents of the sale of alcohol in Conway County, Arkansas (otherwise known as "wets"), brought this action against Conway County election commissioners and officials and certain state Alcohol Beverage Control officials ("ABC officials") seeking to reverse or void the results of the wet/dry election held in Conway County on November 4, 1986, on the grounds of fraud by the election officials. The causes of action were brought pursuant to 42 U.S.C. §§ 1973(a), 1983, and 1985.

Trial before the Court began on December 12, 1988. After three days of testimony, the plaintiffs moved to substitute Faye Sims, Eudell Huett and Bill Harwood (hereinafter "current election commissioners") in their official capacities as Conway County Election Commissioners for defendants T.O. Adams, Jim Garrett and Johnny DeSalvo. Because the current election commissioners had been appointed to replace the ones originally named as defendants, see A.C.A. § 7-4-102, they were substituted

pursuant to Rule 25(d)(1) by order dated December 15, 1988.

On December 15, 1988, plaintiffs announced that they had reached a settlement with the current election commissioners. Plaintiffs moved to dismiss pursuant to Rule 41(a) all defendants other than the current election commissioners, acting in their official capacities. The Court, after hearing argument from all parties, including the dismissed defendants, granted plaintiffs' motion. Plaintiffs and the current election commissioners then announced their settlement to the Court which included the holding of another election on the second Tuesday in May, 1989. The Court approved the settlement on December 15, 1988.

■ Dismissed defendants argue that the current election commissioners did not have authority to settle this action and agree to another election.[1] Plaintiffs correctly note that dismissed defendants do not have standing to object to the settlement and to seek reinstatement.

The current election commissioners are the real parties in interest as they are the officials who conduct and certify local option elections. A.C.A. §§ 3–8–302(b), 3–8–304(d), and 3–8–306. The former election officials were properly dismissed as they no longer had any power to implement any relief which might have been ordered by the Court.

To set aside the dismissal, dismissed defendants must demonstrate some plain legal prejudice flowing to them as a result of the dismissal. *Hoffmann v. Alside, Inc.,* 596 F.2d 822, 823 (8th Cir.1979). That the dismissed defendants did not have an opportunity put on their case is not an example of legal prejudice. Furthermore, the dismissed defendants are not prejudiced by the settlement and have no standing to complain about the settlement. *See In re Beef Industry Antitrust Litigation,* 607 F.2d 167 (5th Cir.1979).

■ The Court finds that the settlement is proper and fair under the circumstances and that current election commissioners had authority to enter into the settlement agreement. As dismissed defendants correctly assert, the Court could have ordered a federally supervised election under federal law. The election commissioners certainly had the power to agree to a remedy which could have been imposed by the Court. *See Bell v. Southwell,* 376 F.2d 659, 665 (5th Cir.1967) ("In this vital area of vindication of precious constitutional rights, we are unfettered by the negative or affirmative character of the words used or the negative or affirmative form in which the coercive order is cast. If affirmative relief is essential, the Court has the power and should employ it."); *Ketchum v. City Council of City of Chicago, Ill.,* 630 F.Supp. 551, 565 (N.D.Ill.1985) ("Federal courts have often ordered special elections to remedy violations of voting rights. Prospective relief alone is 'of little consequence to the many voters who sought to vote ... and could not do so effectively.' ").

■ The Court is also persuaded that the settlement does not violate Arkansas public policy as asserted by dismissed defendants. The people of Arkansas and especially Conway County are interested in having fair elections, unhampered by allegations of fraudulent activities. The current election commissioners, as public officials, *Warren v. McRae,* 165 Ark. 436, 264 S.W. 940 (1924) determined that a new election was necessary in light of the allegations of widespread fraud on the part of both the "wets" and the "drys".[2] The Court is persuaded that the current election commissioners' action in settling this matter is commendable and that a new election un-

---

1. Dismissed defendants also argue that the Court's order specifically leaves Jim Garrett as a defendant in his individual capacity and that Garrett objects to the settlement. Such a contention is incorrect. The Court's order of December 15, 1988, granted plaintiffs' motion to dismiss all defendants other than the current election commissioners.

2. The Court notes that prior to the commencement of trial, the Court was advised by counsel that practically the vast majority of the initial defendants preferred a new election in lieu of a trial, while the remaining ones favored a new election if there was evidence of any improprieties.

der federal supervision will help restore the integrity of the electoral process in Conway County.

Accordingly, the motion to set aside the settlement order and for reinstatement of party defendants is denied.

IT IS SO ORDERED.