The Honorable Michael Lamoureux State Representative 312 West Main Street Russellville, AR 72081
Dear Representative Lamoureux:
I am writing in response to your request for an opinion on the following:
 § 23-64-202 General Qualifications for licensure — Exemptions
 (a) For the protection of the people of this state, the Insurance Commissioner shall not, at or before completion of application processing, issue, continue, or permit to exist any license as to insurance unless the license is in compliance with this chapter and other applicable laws of this state, and as to any individual who does not also meet the following qualifications:
 [(b)](2)(A)(i) Before licensure or examination, if examination is required, complete specific courses of instruction in the field of insurance as the commissioner shall by regulation prescribe for the license.
 (ii) Proof of completion must be presented before testing is administered.
 (iii)(a) The course of instruction shall consist, in the aggregate, of not less than twenty (20) hours of classroom instruction or electronic instruction per line of insurance authority.
 ISSUE: "Are the requirements of the statute met if a proposed license completes 20 hours of electronic instruction per line of insurance?"
RESPONSE
In my opinion the answer to your question is "no," because Rule 31 of the Arkansas Insurance Department ("AID"), implementing the requirements of pre-license education found in A.C.A. §23-64-202, limits the number of hours of electronic instruction that may be used to meet the twenty hours of required education under A.C.A. § 23-64-202(b)(2)(A)(i). Therefore, twenty hours of electronic instruction are insufficient to comply with the licensure requirements administered by the AID. The limitations found in Rule 31, in my opinion, are not contrary to state law.
Initially, I will set forth the language of the statute with respect to subsection (b) in its entirety:
 (b) All applicants for a license as an agent, broker, adjuster, or insurance consultant shall:
 (1) Pass a written examination for the license if required under this chapter and attest that he or she is familiar with the insurance laws of this state and will keep himself or herself familiar despite changes in the law; and
 (2)(A)(i) Before licensure or examination, if examination is required, complete specific courses of instruction in the field of insurance as the commissioner shall by regulation prescribe for the license.
 (ii) Proof of completion must be presented before testing is administered.
 (iii)(a) The courses of instruction shall consist, in the aggregate, of not less than twenty (20) hours of classroom instruction or electronic instruction per line of insurance authority. However, an applicant shall not be required to repeat the hours of instruction on Arkansas laws and rules within two (2) years of taking those hours for a previous line of authority.
 (b) All instruction shall be administered by or under the supervision of persons qualifying with and approved by the commissioner for that purpose.
 (c) An instructor deemed qualified and approved by the commissioner shall monitor attendance and participation and shall sign a certificate evidencing the licensee's completion of the hours.
 (d) Applicants for adjuster and consultant licenses are exempt from prelicensing education, as are nonresident applicants for producer licenses from states that engage in reciprocal licensing with Arkansas.
 (iv) Successful completion of the courses of instruction shall be certified to the commissioner, on forms prescribed by him or her, by the person under whose supervision the instruction was administered.
 (v) The courses of instruction shall provide the applicant with basic knowledge of the broad principles of insurance, licensing, and regulatory laws of this state, and the obligations and duties of an agent, broker, or consultant.
 (vi) Programs of instruction may be provided by any authorized insurer, agents' association, or trade association recognized by the commissioner or by any university, college, or any other institution in this state having a comprehensive course of instruction approved and certified by the commissioner.
 (vii) The commissioner shall issue appropriate regulations to implement the educational requirements and standards prescribed in this subdivision (b)(2) and to prescribe the general curriculum of courses of instruction.
 (viii) The curriculum shall include not less than five (5) hours of instruction relative to the licensing of agents and insurance regulatory laws of this state, criteria for approval of the providers of the courses of instruction, and certifications contemplated hereunder.
 (B) None of the provisions of this subsection shall apply to and no examination or educational requirements contained in this subsection shall be required of any applicant for a license presently exempted by law from an examination.
 (C) The provisions of subdivision (b)(2)(A) of this section shall not apply to persons making application for license as an agent or broker for crop hail insurance, mobile home physical damage insurance, mortgagor's decreasing term life and disability insurance, prepaid legal insurance, and fire and marine insurance written in connection with credit transactions, or any line exempted by law, for which only a limited license is issued, nor any other insurance for which only a limited license may be issued and the commissioner, by order or regulation, exempts from the educational requirements of subdivision (b)(2)(A) of this section.
A.C.A. § 23-64-202(b) (Supp. 2005) (emphasis added).
Additionally, the AID Rule 31 states in pertinent part:
SECTION 5. COURSE REQUIREMENTS
 I.
 A. All applicants for a life line of authority are hereby required to complete a course of instruction with a minimum of twenty (20) hours of instruction which includes, but is not limited to, all of the following, as applicable:
 -------------------------------------------------------- | 1. | Introduction to Insurance | 1 hour | |--------|-------------------------------------|---------| | 2. | State Insurance Laws and Rules | 5 hours | | | (Classroom hours only) | | |--------|-------------------------------------|---------| | 3. | Life Insurance Basics | 5 hours | |--------|-------------------------------------|---------| | 4. | Life Insurance Policies, Policy | 5 hours | | | Options, and Policy Provisions | | |--------|-------------------------------------|---------| | 5. | Annuity Contracts | 3 hours | |--------|-------------------------------------|---------| | 6. | Ethics (Classroom hour only) | 1 hour | --------------------------------------------------------
 * * *
 III.
 A. Subsections I and II of Rule Section 5 apply to both classroom and/or electronic courses of study.
 B. Education course providers shall file procedures with the Department to illustrate how the electronic courses may be verified as self-study, and shall detail the exact length of time that the license applicant spends on the course.
 C. No more than five (5) hours per line of authority shall consist of electronic coursework
for pre-licensing education under this Rule.
 D. For classroom courses, the identity of the applicant and the length of time spent in that course must be monitored by the Instructor in the classroom.
Ark. Ins. Dept. Rule 31, § 5 (emphasis added).[1]
The Arkansas Supreme Court has stated, with regard to statutory interpretation, as follows:
 The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary meaning and usually accepted meaning in common language. Weiss v. McFadden, 353 Ark. 868, 120 S.W.3d 545 (2003). We construe the statute so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible. Ozark Gas Pipeline Corp. v. Arkansas Pub. Serv. Comm'n, 342 Ark. 591, 29 S.W.3d 730 (2000). When the language of the statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Weiss v. McFadden, supra. When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Id.
Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp.,363 Ark. 22, ___ S.W.3d ___ (2005); see also Ops. Att'y Gen. 2005-072 
2004-339. With respect to challenges to administrative rules or regulations, the Arkansas Supreme Court has described the standard as follows:
 In reviewing the validity of a rule or regulation, which court must give the regulation the same validity as it would a statute. In reviewing the adoption of regulations by an agency under its informal rule-making procedures, a court is limited to considering whether the administrative action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. Specifically, it is well settled that "an agency has no right to promulgate a rule or regulation contrary to a statute[.]" [McLane Co., Inc. v. Davis, 353 Ark. 539, 546, 110 S.W.3d 251 (2003)].
D.H.S. Child Welfare Review Bd. v. Howard, Ark., S.W.3d (Jun. 29, 2006) (citations omitted).
The plain and ordinary language of subsection (b)(2)(A)(iii)(a) states a total of twenty hours of instruction per line of insurance is required in the aggregate and that either "classroom instruction or electronic instruction" may be used. (emphasis added). As observed by the Arkansas Supreme Court:
 In its ordinary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'; it is a connective that marks an alternative.
McCoy v. Walker, 317 Ark. 86, 90, 876 S.W.2d 252 (1994) (quoting Beasley v. Parnell, 177 Ark. 912, 9 S.W.2d 10 (1928));see also Op. Att'y Gen. 2005-158. In my opinion, the disjunctive "or" serves to allow some combination of classroom instruction and electronic instruction to meet the required twenty hours of pre-licensing educational requirements.
The Arkansas Insurance Department promulgated Rule 31 pursuant to the authority of A.C.A. § 23-61-108 (Repl. 2001) to "make reasonable rules and regulations necessary for or as an aid to the effectuation of any provisions of the Arkansas Insurance Code." Id. at (a)(1). AID Rule 31, quoted above, requires certain courses be completed by classroom instruction and limits the total number of hours of electronic instruction that may be used to fulfill the requirements of A.C.A. § 23-64-202. Rule 31 does not appear to be contrary to state law because A.C.A. §23-64-202 allows some combination of classroom instruction and electronic instruction to be aggregated to the required twenty-hour minimum. Rule 31 does allow for electronic instruction, but restricts the amount that can currently be used to meet the pre-licensure educational requirements. I am doubtful that a court would hold that AID Rule 31 is an arbitrary or capricious action by the AID or otherwise not in accordance with law.
In my opinion, AID Rule 31, § 5 places valid limitations on the amount of electronic instruction that may be used to fulfill the twenty hours of required pre-license instruction and therefore, twenty-hours of only electronic instruction cannot meet the requirements of A.C.A. § 23-64-202 as effectuated through AID Rule 31. In my opinion, therefore, the answer to your question is "no."
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] Subsections 5.I.B through 5.I.E contain different specific course requirements for different forms of authority offered, but all require "State Insurance Laws and Rules" and "Ethics" courses that are listed as "Classroom hour/s only."