The Honorable Johnnie Bolin State Representative 511 Ashley Road 20 Crossett, AR 71635-9434
Dear Representative Bolin:
I am writing in response to your request for an opinion, presented during your term as state representative, on the following:
 [The Ashley County Medical Center] is currently searching for an orthopedic surgeon and has a physician who is interested in the position who is currently enrolled in a fellowship program at the University of Arkansas for Medical Sciences, Little Rock, Arkansas.
 * * * Following completion of his medical education in Pakistan in 1985, [the physician] studied and practiced orthopedic medicine in both Pakistan (1985-1990 and 1992-1995[)] and the United Kingdom (all other times until he came to the United States in 2005). He is a fellow of the prestigious Royal College of Surgeons in the United Kingdom.
 The issue is that the Arkansas Medical Licensing Board regulations provide that for a physician to be eligible for a medical license in Arkansas [the physician] must have completed three (3) years of approved training (residency or fellowship) in the United States. The Board has indicated to the physician that it will not make any exceptions to the regulations.
 My questions are:
 1. Is it the law in Arkansas that the physician have three (3) years of training in the United States or is it a regulation adopted by the Board?
 2. In either event, is there any reasonable way for the Board to make exceptions in exceptional cases?
 RESPONSE
In response to your first question, the requirement that a physician who graduated medical school outside of the United States serve for three years as an intern or resident in an accredited medical education program in the United States is both a statutory requirement found in A.C.A. § 17-95-403(b)(3)(A)(iii)(b)(1) (Supp. 2005) and a regulatory requirement found in Regulation No. 3, Unrestricted Licensurefor Graduates of Foreign Medical Schools (2005). In response to your second question, A.C.A. §17-95-403(b)(3)(A)(iii)(b)(2) provides an alternative to the three-year requirement in subsection (b)(1) by allowing licensure when the applicant has completed one year as a resident or intern in an accredited post-graduate medical education program in the United States and is currently enrolled in an accredited post-graduate medical program in Arkansas. Whether an applicant for a medical license to practice medicine in Arkansas meets either of these standards is a question of fact to be determined by the Arkansas State Medical Board.
Question One: Is it the law in Arkansas that the physician have three(3) years of training in the United States or is it a regulation adoptedby the Board?
The Arkansas Code requires a graduate of a foreign medical school applying for a license to practice medicine in the State of Arkansas to serve three years as a resident or intern at an accredited postgraduate medical program in the United States. A.C.A. §17-95-403(b)(3)(A)(iii)(b)(1).
Specifically, A.C.A. § 17-95-403 states in pertinent part:
 (b) No person shall be granted a license to practice medicine in the State of Arkansas unless he or she:
 (1) Is at least twenty-one (21) years of age;
 (2) Is of good moral character and has not been guilty of acts constituting unprofessional conduct as defined in § 17-95-409;
 (3)(A) Is a graduate of:
 (i) A recognized United States or Canadian medical school whose entrance requirements and course of instruction have been approved by the Council on Medical Education of the American Medical Association;
 (ii) A Canadian eclectic medical school which has been approved by the Council on Medical Education of the National Eclectic Medical Association; or
 (iii)(a) A foreign medical school whose entrance requirements and course of instruction have been approved by the board.[1]
 (b) He or she must also have:
 (1) Served three (3) years as an intern or resident in an accredited postgraduate medical education program in the United States; or
 (2) Completed one (1) year as an intern or resident in an accredited postgraduate medical education program in the United States and be currently enrolled in an accredited postgraduate medical program in Arkansas.[2]
Id. (emphasis added).
In response to your first question, as can be seen from the statute above, the three-year internship or residency requirement is codified into the statutory law of Arkansas. It is also echoed in the Board's regulations.[3]
 Question Two: In either event, is there any reasonable way for theBoard to make exceptions in exceptional cases?
In my opinion, the Arkansas State Medical Board must follow the statutory requirements for licensure to practice medicine in the State of Arkansas. Whether a particular applicant has met the requirements under A.C.A. § 17-95-403(b)(3)(A)(iii)(b)(1) or (2) is an inquiry that is properly conducted by the Arkansas State Medical Board.[4]
It is axiomatic that the State Medical Board may not violate the law. Furthermore, it is generally held that the interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong. See Ark. Soil, Water Conserv. v. Cityof Bentonville, 351 Ark. 289, 92 S.W.3d 47 (2002); Cave City NursingHome, Inc. v. Arkansas DHS, 351 Ark. 13, 89 S.W.3d 884 (2002); andCyphers v. United Parcel Service, 68 Ark. App. 62, 3 S.W.3d 698 (1999). The Arkansas Supreme Court has stated, however, "although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says."Macsteel, Parnell Consultants v. Ar. Ok. Gas Corp., 363 Ark. 22, 31, ___ S.W.3d ___ (2005) (citation omitted).
In my opinion, A.C.A. § 17-95-403(b)(3)(A)(iii)(b) is not ambiguous and the requirements specifically enumerated in the statute may not be ignored by the State Medical Board. However, A.C.A. §17-95-403(b)(3)(A)(iii)(b) contains an alternative to an applicant having served for three years as an intern or resident. The word "or" separates A.C.A. § 17-95-403(b)(3)(A)(iii)(b)(1) and §17-95-403(b)(3)(A)(iii)(b)(2). As observed by the Arkansas Supreme Court:
 In its ordinary sense the word `or' is a disjunctive particle that marks an alternative, generally corresponding to `either,' as `either this or that'; it is a connective that marks an alternative.
 McCoy v. Walker, 317 Ark. 86, 90, 876 S.W.2d 252 (1994) (quotingBeasley v. Parnell, 177 Ark. 912, 9 S.W.2d 10 (1928)) (emphasis added);see also Op. Att'y Gen. 2005-158.
Arkansas Code Annotated §17-95-403(b)(3)(A)(iii)(b)(2) contains an alternative to the three year requirement found in A.C.A. §17-95-403(b)(3)(A)(iii)(b)(1). Whether an individual has met the alternate requirement or the original three-year requirement of subsection (b)(1) is a question of fact properly determined by the Arkansas State Medical Board, which is charged with enforcing the provisions of the Arkansas Medical practices Act, including the aforementioned A.C.A. § 17-95-403, and examining all applicants for a license to practice medicine within the state. A.C.A. §§ 17-95-303(2) and (8) (Repl. 2002).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
 DUSTIN McDANIEL, Attorney General
[1] You have not stated whether the applicant's Pakistani medical school qualifies under this requirement.
[2] Although it is not clear from the portion of the statute excerpted above, the balance of the statute and the legislative history make clear that the requirements of A.C.A. § 17-95-403(b)(3)(A)(iii)(b) only apply to the foreign graduates mentioned in subsection (b)(3)(A)(iii)(a).See Acts 2005, No. 498.
[3] Specifically, Regulation No. 3, Unrestricted Licensure forGraduates of Foreign Medical Schools (2005) allows graduates of foreign medical schools to apply for licensure if, in pertinent part, the applicant can:
 [p]resent documented evidence that he or she served three years as an intern or resident in an accredited post-graduate medical education program in the United States; or, completed one year as an intern or resident in an accredited post-graduate medical education program in the United States and be currently enrolled in an accredited post-graduate medical program in Arkansas.
Id. at (6).
[4] While the State Board of Medicine is authorized to grant emergency licenses, emergency licenses may only be granted when the applicant has fulfilled all the requirements of the Arkansas Medical Practices Act, including A.C.A. § 17-95-403 set froth above. A.C.A. § 17-95-406(a) (Repl. 2002). This would not alleviate the need for an applicant to have met the requirement at issue in your request for an opinion.
 *Page 1