STATE EX REL. J. L. BURKE v. J. W. M. JENKINS ET AL.

(Filed 25 May, 1908.)

1. Cities and Towns—Powers of Commissioners—Quo Warranto.

Under Revisal, sec. 2917, "The corporate powers (of towns and cities) can be exercised only by the board of commissioners or in pursuance of resolutions adopted by them, unless otherwise provided by law," and the power of a town to remove a public officer for cause is one of the common-law incidents to all corporations.

2. Same—Public Officer—Removal for Cause.

It is within the powers of the town commissioners to remove, upon notice, the town treasurer from office for disobeying their orders in paying certain indebtedness and not refunding when so paid.

3. Same—Review by Courts.

When it is allowable for the town commissioners to remove the town treasurer for cause, the soundness of the cause is reviewable by the courts upon a *quo warranto*, but a trial by jury is not required.

4. Quo Warranto—Judgment upon Pleadings—Demurrer.

When the Judge in the lower court renders judgment upon the pleadings restoring the relator in *quo warranto* to his office, the proceedings are in the nature of judgment upon demurrer, in which the allegations must be taken as true.

ACTION heard by *Webb, J.,* at November Term, 1907, of GASTON.

Defendants appealed.

*Quo warranto* brought by the relator to recover the office of Treasurer of the Town of Bessemer, from which the relator had been removed by the Board of Town Commissioners.

Upon the pleadings the Judge rendered judgment in favor of the relator, restoring him to office, giving judgment that he recover his fees, ordering a reference to ascertain the amount, and ousting the defendants. This is, therefore, in the nature of a judgment upon a demurrer to the answer, which must be taken as true.

It appears from the pleadings that Burke was elected treasurer of said town on 6 May, 1907. While the relator was

acting as treasurer he was forbidden by the commissioners to pay a certain claim against the town. In disregard of such order and in violation of his duty the relator paid the claim. The board thereupon, at its meeting, 2 June, 1907, ordered the relator to replace said sum in the treasury. At its meeting, 5 July, 1907, it appearing that this order also had been disregarded, he was again notified to replace the money, and a resolution was adopted that if he failed to refund the money to the town treasury his office would be declared vacant, and it was ordered that he be served with a copy. At a subsequent meeting of the board, 24 July, it appearing to the board that the relator had been served with a copy of said order and resolution, but had failed and refused to obey the order to refund the money, a resolution was adopted requesting him to resign and requiring the tax collector to pay over all collections to the chairman of the finance committee, a copy of which was served on the tax collector and the relator, and the latter's bond which had been tendered by him was rejected and returned to him, and the reasons recorded on the minutes of the board.

At the meeting of the board, 14 September, 1907, the following resolutions were adopted:

"Upon motion, unanimously carried, it was resolved and voted that, whereas J. L. Burke continues to treat this board with contempt and refuses to turn into the treasury of this town the $30 paid out against the positive instructions and vote of this board, duly assembled, when J. L. Burke was himself present; and whereas he has continuously refused to come before this board, though being repeatedly requested to do so; and whereas he claims that he has the right and authority to exercise his own discretion as to when and to whom money shall be paid, as the board has; and whereas this board has voted that J. L. Burke be suspended for the misappropriation of the moneys in question and for disobedience of the positive vote and order of the board: Now, therefore, be it

"*Resolved,* That the said J. L. Burke hereby be removed finally and fully as Treasurer of this town.   J. W. M. Jenkins is hereby elected Treasurer of this town instead of J. L. Burke, removed, and the said J. L. Burke is hereby instructed by an unanimous vote of this board to turn over any and all moneys, papers, books, documents or anything of value in his possession by virtue of the fact that he was once Treasurer of this town; and the Mayor is hereby instructed and commanded to furnish J. L. Burke with a certified copy of this resolution and to take any further and necessary steps to see that compliance is had with these instructions."

The relator, J. L. Burke, had notice and was duly notified of the above-mentioned meetings, orders and resolutions.

From the judgment of the court the defendants appealed, and gave bond to stay execution.

*C. E. Whitney* and *S. J. Durham* for plaintiff.
*A. G. Mangum* and *Burwell & Cansler* for defendants.

CLARK, C. J., after stating the facts: The question presented is the right of the town commissioners to remove an official for cause and upon notice.

In 1 Dillon Mun. Corp. (4th Ed.), sec. 240, it is said: "The power to *remove a corporate officer* from his office for reasonable and just cause is one of the common-law incidents of all corporations."

This doctrine, though declared before, has been considered settled ever since *Lord Mansfield's* judgment in the well-known case of *The King v. Richardson,* 1 Burrows, 517.   It is there denied that there can be no power of amotion unless given by charter or prescription, and the contrary doctrine is asserted, "that from the reason of the thing, from the nature of corporations, and for the sake of order and government, the power is incidental."

The same is stated to be the law in 1 Smith Mun. Corp., sec. 200, and in Mechem Pub. Officers, sec. 446.   The sub-

ject is fully discussed, with ample citation of authorities and with the same conclusion, in *Richards v. Clarksburg,* 30 W. Va., 491.

Such action could not be taken without notice and an opportunity to be heard, except where the officer is removable without cause at the will of the appointing power. And when the motion is allowable only for cause the soundness of such cause is reviewable by the courts upon a *quo warranto.* Mechem Pub. Officers, secs. 454, 456; 1 Smith Mun. Corp., sec. 202; 1 Dill. Mun. Corp. (4th Ed.), 250; Throop Pub. Off., sec. 364; 2 Abb. Mun. Corp., 636; *Danforth v. Kuehn,* 34 Wis., 229. Trial by jury is not necessary in amotion from office. *Kennard v. Louisiana,* 92 U. S., 480; *Foster v. Kansas,* 112 U. S., 201.

But in this case there was the fullest notice given and opportunity to be heard and sufficient cause shown. If the town commissioners have not supervision of the town funds—if, indeed, they are not responsible for an oversight and control of the disbursement thereof—their duties and powers are of small importance.

In some of the old English cases it would seem that the power of removal of a town officer was vested in the whole corporation, something like the modern "Imperative Mandate and Recall." But in those days the electorate of a town was very small, the franchise being greatly restricted. Our statute (Revisal, sec. 2917) especially provides: "The corporate powers (of towns and cities) can be exercised only by the board of commissioners or in pursuance of resolutions adopted by them, unless otherwise specially provided by law." The charter of Bessemer is in chapter 377, Public Laws 1893, and neither therein nor elsewhere do we find any provision contrary to what is above said.

The judgment of the court below is

Reversed.