BERGER, Judge.
 

 *121
 
 Russell F. Walker ("Plaintiff") appeals an order granting Hoke County, Fifth Third Bank, Inc., and Tyton NC Biofuels, LLC's (collectively "Defendants") motion to dismiss Plaintiff's complaint for lack of
 
 *122
 
 standing and failure to state a claim under Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. Plaintiff argues the trial court erred because he sufficiently established standing as a taxpayer of Hoke County, and has suffered an injury from which a favorable judgment on his claims can grant him relief. We disagree.
 

 Factual and Procedural Background
 

 On March 26, 2008, Hoke County conveyed a 500 acre tract of land by Special Warranty Deed ("the Deed") to Clean Burn Fuels, LLC ("Clean Burn"). Clean Burn built an
 
 *611
 
 ethanol plant on the land, but after financial problems the lender foreclosed on the property in 2011. In 2014, Tyton NC Biofuels, LLC purchased the property and obtained a loan from Fifth Third Bank, Inc. The loan was secured by a deed of trust on the 500 acre tract of land.
 
 [1]
 

 On December 20, 2016, Plaintiff filed a complaint in Hoke County Superior Court seeking to set aside the original deed from Hoke County to Clean Burn, revoke the deed of trust, and remove from office elected officials who approved the transfer. In January 2017, Defendants filed answers to Plaintiff's complaint and motions to dismiss for lack of standing and failure to state a claim for which relief can be granted. On January 19, 2017, Plaintiff filed a motion for summary judgment alleging no genuine issue of material fact. A hearing was held on Defendants' motions to dismiss and Plaintiff's motion for summary judgment. The trial court denied Plaintiff's motion for summary judgment and granted Defendants' motions to dismiss with prejudice. Plaintiff appeals.
 

 Analysis
 

 "In our de novo review of a motion to dismiss for lack of standing, we view the allegations as true and the supporting record in the light most favorable to the non-moving party."
 
 Mangum v. Raleigh Bd. of Adjust.
 
 ,
 
 362 N.C. 640
 
 , 644,
 
 669 S.E.2d 279
 
 , 283 (2008).
 

 "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction."
 
 Aubin v. Susi
 
 ,
 
 149 N.C. App. 320
 
 , 324,
 
 560 S.E.2d 875
 
 , 878,
 
 disc. rev. denied
 
 ,
 
 356 N.C. 610
 
 ,
 
 574 S.E.2d 474
 
 (2002) (citation omitted). "[O]nly one with a genuine grievance" can bring a valid complaint.
 
 Mangum
 
 ,
 
 362 N.C. at 642
 
 ,
 
 669 S.E.2d at 282
 
 (citations omitted). To establish standing, three elements must be satisfied:
 

 *123
 
 (1) injury in fact-an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
 

 Neuse River Found., Inc. v. Smithfield Foods, Inc.
 
 ,
 
 155 N.C. App. 110
 
 , 114,
 
 574 S.E.2d 48
 
 , 52 (2002) (citation and internal quotation marks omitted),
 
 disc. rev. denied
 
 ,
 
 356 N.C. 675
 
 ,
 
 577 S.E.2d 628
 
 (2003). "Standing most often turns on whether the party has alleged 'injury in fact' in light of the applicable statutes or caselaw."
 

 Id.
 

 Further, "a plaintiff must demonstrate standing separately for each form of relief sought."
 
 Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.
 
 ,
 
 528 U.S. 167
 
 , 185,
 
 120 S.Ct. 693
 
 ,
 
 145 L.Ed. 2d 610
 
 , 629 (2000).
 

 Historically, "taxpayers have standing to challenge the allegedly illegal or unconstitutional disbursement of tax funds by local officials."
 
 Goldston v. State
 
 ,
 
 361 N.C. 26
 
 , 31,
 
 637 S.E.2d 876
 
 , 879-80 (2006). However, to establish an injury as a taxpayer, the individual must allege "a misuse of public funds in violation of state statute," instead of merely "challenging the wisdom of the County's decision."
 
 Reese v. Mecklenburg Cnty., N.C.
 
 ,
 
 204 N.C. App. 410
 
 , 426,
 
 694 S.E.2d 453
 
 , 464,
 
 disc. rev. denied
 
 ,
 
 364 N.C. 326
 
 ,
 
 700 S.E.2d 924
 
 (2010).
 

 In prior cases before our Supreme Court, taxpayers have been granted standing to bring an action against local and state government bodies when they have alleged an injury that is concrete, traceable, and particular to a specific action in violation of an applicable statute.
 
 See
 

 Goldston
 
 ,
 
 361 N.C. at 30-33
 
 ,
 
 637 S.E.2d at
 
 879-81 ;
 
 McIntyre v. Clarkson
 
 ,
 
 254 N.C. 510
 
 , 513-14,
 
 119 S.E.2d 888
 
 , 890-91 (1961) (holding a taxpayer had standing to facially challenge the constitutionality of a statute).
 
 Goldston v. State
 
 noted "the right of a citizen and taxpayer to maintain an action in the courts to restrain the unlawful use of public funds
 
 to his injury
 
 cannot be denied."
 
 Goldston
 
 ,
 
 361 N.C. at 33
 
 ,
 
 637 S.E.2d at 881
 
 (citation and quotation marks omitted) (emphasis added).
 

 In the case
 
 sub judice
 
 , Plaintiff has failed to establish standing for each of his claims for relief. In his complaint, Plaintiff failed to allege that he is a taxpayer. Moreover,
 
 *612
 
 even if we were to assume Plaintiff is a Hoke County taxpayer, he has not asserted a traceable, concrete, and particularized injury resulting from the transfer of the 500 acre tract of land between the parties named in his complaint. Even in the light most favorable to the non-moving party, we find no injury in fact under
 
 *124
 
 "any set of facts to support his claim which would entitle him to relief."
 
 Block v. County of Person
 
 ,
 
 141 N.C. App. 273
 
 , 277-78,
 
 540 S.E.2d 415
 
 , 419 (2000).
 

 In addition, Plaintiff seeks removal of various elected officials stemming from transfer of the property. However, standing pursuant to N.C. Gen. Stat. § 153A-77 and the common law removal procedure known as "amotion" does not derive from taxpayer status, but instead from the county board of commissioners. Section 153A-77 provides in pertinent part:
 

 A member may be removed from office by the county board of commissioners for (i) commission of a felony or other crime involving moral turpitude; (ii) violation of a State law governing conflict of interest; (iii) violation of a written policy adopted by the county board of commissioners; (iv) habitual failure to attend meetings; (v) conduct that tends to bring the office into disrepute; or (vi) failure to maintain qualifications for appointment required under this subsection. A board member may be removed only after the member has been given written notice of the basis for removal and has had the opportunity to respond.
 

 N.C. Gen. Stat. § 153A-77(c) (2017).
 

 Removal by amotion is a "quasi-judicial" procedure employed by the board or commission from which the member is being removed for cause.
 
 Russ v. Board of Education
 
 ,
 
 232 N.C. 128
 
 , 129-30,
 
 59 S.E.2d 589
 
 , 591 (1950) ;
 
 see also
 

 Burke v. Jenkins,
 

 148 N.C. 25
 
 ,
 
 61 S.E. 608
 
 (1908).
 
 [2]
 
 An amotion proceeding "could not be taken without notice and an opportunity to be heard, except where the officer is removable without cause at the will of the appointing power."
 
 Stephens v. Dowell
 
 ,
 
 208 N.C. 555
 
 , 561,
 
 181 S.E. 629
 
 , 632 (1935) (citations omitted). Plaintiff has not alleged in his complaint or on appeal that he is a member of any elected or appointed office. Because Plaintiff is not a member of any of the boards from which he seeks to remove members, we affirm the trial court's order dismissing Plaintiff's claims for lack of standing.
 

 *125
 
 Accordingly, we find the trial court did not err by dismissing Plaintiff's complaint for lack of standing pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. Because we find that Plaintiff does not have standing to pursue the claims in his complaint, we need not reach any further issues argued by Plaintiff on appeal.
 

 Conclusion
 

 The trial court did not err in granting Defendants' motion to dismiss Plaintiff's complaint for lack of standing under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. Accordingly, we affirm the trial court's order.
 

 AFFIRMED.
 

 Chief Judge MCGEE and Judge DIETZ concur.
 

 [1]
 

 Specific prices, dates, and transactions are not included in the record on appeal.
 

 [2]
 

 The most recent amotion proceeding in North Carolina was in 2013 in
 
 Berger v. New Hanover County Bd. of Comm'rs.
 
 ,
 
 2013 NCBC 45
 
 ,
 
 2013 WL 4792508
 
 (2013) (unpublished), where the New Hanover County Superior Court upheld the removal of a local County Commissioner and recognized the validity of the amotion procedure when "accompanied by appropriate procedural safeguards and the Board's findings and conclusions were supported by sufficient competent evidence."
 
 Id.
 
 at *11.